United States District Court
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9
     MONOLITHIC POWER SYSTEMS, INC., a          No. C 04-2000 CW
10   California corporation,
                                                ORDER DENYING
11            Plaintiff,                         COUNTERDEFENDANT
                                                ASMC'S MOTION TO
12        v.                                    DISMISS FOR LACK
                                                OF PERSONAL
13   O2 MICRO INTERNATIONAL LIMITED, a          JURISDICTION
     Cayman Islands corporation,
14
              Defendant.
15
     _____/
16

17   O2 MICRO INTERNATIONAL LIMITED, a
     Cayman Islands corporation,
18
              Counterclaimant,
19
          v.
20

21   MONOLITHIC POWER SYSTEMS, INC., a
     California corporation; and
22   ADVANCED SEMICONDUCTOR
     MANUFACTURING LIMITED aka ADVANCED
23   SEMICONDUCTOR MANUFACTURING
     CORPORATION OF SHANGHAI, a Chinese
24   joint venture,

25            Counterdefendants.

26   _____/

27

28

**United States District Court**
For the Northern District of California

1    Counterdefendant Advanced Semiconductor Manufacturing

2 Corporation Limited (ASMC) moves for dismissal of the action

3 against it for lack of personal jurisdiction.  Defendant and

4 Counterclaimant O2 Micro International Limited (O2 Micro) opposes

5 the motion.  The matter was heard on December 2, 2005.  Having

6 considered the parties' papers, the evidence cited therein and oral

7 argument, the Court denies Counterdefendant ASMC's motion to

8 dismiss and finds that ASMC has the necessary minimum contacts for

9 this Court to have specific jurisdiction over it.

10                        BACKGROUND

11    As ASMC notes, this is one of many patent infringement suits

12 between O2 Micro and Monolithic Power Systems, Inc. (MPS).  ASMC

13 manufactures semiconductor wafers for MPS and thus has been drawn

14 into the fray between O2 Micro and MPS.  On May 20, 2004, MPS filed

15 this suit, seeking a declaration that it did not infringe O2

16 Micro's U.S. Patent 6,396,722.  O2 Micro counterclaimed against MPS

17 and ASMC.

18    ASMC and MPS entered into a written agreement in August, 2001.

19 Zhen Sun Dec. ¶ 15.  MPS is headquartered in Los Gatos, California.

20 ASMC is located in Shanghai, China.  Id. at ¶ 4.  The agreement

21 between the two companies provides that it shall be governed by the

22 laws of the People's Republic of China; it requires that disputes

23 arising from or relating to the agreement must be submitted to the

24 China International Economic and Trade Arbitration Commission in

25 Beijing, whose award is final and binding.  Id. at ¶ 15.  Under the

26 agreement, ASMC receives MPS purchase orders in Shanghai.  Id. at

27 ¶ 17.  ASMC then manufactures the wafers, according to plans and

28                        2

United States District Court

For the Northern District of California

specifications provided by MPS, in its Shanghai facilities.  <u>Id</u>. at
¶¶ 16, 17.  After the wafers are produced, ASMC places them in a
package for delivery to MPS; as soon as the wafers leave the
Shanghai facility, the wafers become MPS' property.  <u>Id</u>. at ¶ 18.
According to a document O2 Micro received during limited
jurisdictional discovery, in 2004, ASMC sold wafers worth a large
sum of money to MPS.  Bijal Vakil Dec., Ex. G (Under Seal) at
ASM0000469.

ASMC has no offices, facilities, subsidiary or parent company,
employees or bank accounts in California; it is not licensed to do
business in California.  Zhen Sun Dec. at ¶¶ 6, 7, 10, 12, 13.  It
has no agent for service of process or real property in California.
<u>Id</u>. at ¶¶ 8, 9.  Nor does it pay taxes in California.  <u>Id</u>. at ¶ 11.

ASMC states that it does not direct its advertising to
California residents, <u>id</u>. at ¶ 19, even though it uses California-
based Semisource, Inc. to introduce it to potential customers,
wherever the customers may be based.  Supp. Zhen Sun Dec. ¶ 7.
Semisource is not authorized to enter into any agreements on behalf
of ASMC and does not deliver or distribute any products on behalf
of ASMC.  <u>Id</u>.

ASMC is a member of the Chinese American Semiconductor
Professional Association (CASPA), the largest Chinese American
semiconductor professional organization worldwide.  CASPA's
headquarters are in the Silicon Valley, California; CASPA has nine
local chapters worldwide, including a chapter in Shanghai.  ASMC's
president, Tony Liu, was president of CASPA over a decade ago.
Supp. Zhen Sun Dec. ¶ 2.  As a benefit of membership, CASPA

3

1    provided ASMC with an ad in CASPA's April 2005 newsletter.  Id. at
2    ¶ 3; see Bijal Vakil Dec., Ex. N at ASMC000476.

3        In addition to its relationship with MPS, ASMC has other
4    clients who are based in or have offices in California.  Currently,
5    ASMC has nine clients with offices in California.  Supp. Zhen Sun
6    Dec. ¶ 5.  ASMC notes that none of the agreements with these
7    customers was negotiated or executed in California; instead, they
8    were negotiated and executed by email, facsimile and/or mail.  Most
9    of the wafers ASMC manufacturers for customers with California
10   offices are not shipped directly to California: from January to
11   September, 2005, approximately three-fourths of all wafers
12   manufactured for customers with California offices were shipped to
13   destinations outside the United States.  Id.  Since 2001, ASMC has
14   sold goods worth a great deal of money to companies with offices in
15   California.  Bijal Vakil Dec., Ex. G (Under Seal) at ASM0000469.

16                              LEGAL STANDARD
17       Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a
18   defendant may move to dismiss for lack of personal jurisdiction.
19   In a suit for patent infringement, Federal Circuit law is applied
20   to determine whether the district court has personal jurisdiction
21   over an accused out-of-State corporation.  Beverly Hills Fan Co. v.
22   Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).

23       The district court must construe all pleadings and affidavits
24   in the light most favorable to the plaintiff.  Trintec Indus., Inc.
25   v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1282-83 (Fed.
26   Cir. 2005).  Where a district court concludes that the existing
27   record is insufficient to support personal jurisdiction and the

28                                      4

**United States District Court**
For the Northern District of California

plaintiff demonstrates that it can supplement its jurisdictional allegations through discovery, the plaintiff is entitled to jurisdictional discovery.  _Id_. at 1283.

                           DISCUSSION

     "Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." _Inamed Corp. v. Kuzmak_, 249 F.3d 1356, 1359 (Fed. Cir. 2001). California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under State law and federal due process standards merge into one analysis.  _Id_. at 1360.

     The exercise of jurisdiction over non-resident defendants violates the protections created by the due process clause unless those defendants have "minimum contacts" with the forum State so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  _Int'l Shoe Co. v. Washington_, 326 U.S. 310, 316 (1945).  "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law."  _Hanson v. Denckla_, 357 U.S. 235, 253 (1958).

     Personal jurisdiction may be either general or specific. General jurisdiction exists when a defendant maintains "continuous and systematic" contacts with the forum State even if the cause of action has no relation to those contacts.  _Helicopteros Nacionales_

                                5

de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984).  Specific
jurisdiction exists when the cause of action arises out of or
relates to a defendant's contacts with the forum State even if
those contacts are isolated and sporadic.  Trintec Indus., 395 F.3d
at 1279.

     The Federal Circuit has identified three factors to consider
in determining whether the exercise of specific personal
jurisdiction over an out-of-State defendant comports with due
process: 1) whether the defendant "purposefully directed" its
activities at residents of the forum; 2) whether the claim "arises
out of or relates to" the defendant's activities in the forum; and
3) whether the exercise of jurisdiction is reasonable and fair.
Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations
Found., 297 F.3d 1343, 1351 (Fed. Cir. 2002).

     With respect to the first factor, the Supreme Court has
allowed the exercise of specific jurisdiction over a defendant
whose only contact with the forum State is the "purposeful
direction" of a foreign act having an effect in the forum State.
Calder v. Jones, 465 U.S. 783, 789 (1984).  In World-Wide
Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980), the Court
explained that "the foreseeability that is critical to due process
analysis . . . is that the defendant's conduct and connection with
the forum State are such that he should reasonably anticipate being
haled into court there."  Id. at 297.  Jurisdiction is proper where
the contacts proximately result from actions by the defendant
itself that create a substantial connection with the forum State.
McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957).

6

There is a presumption of reasonableness upon a showing that the defendant purposefully directed its activities at forum residents; the defendant bears the burden of overcoming the presumption by presenting a compelling case that specific jurisdiction would be unreasonable.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985).  Several factors should be considered in determining whether jurisdiction is reasonable: (1) the burden on the defendant, (2) the interests of the forum State, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies.  Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1352 (Fed. Cir. 2003); Asahi Metal Indus. Co. v. Super. Ct. of Cal., 480 U.S. 102, 113 (1987).

O2 Micro argues that ASMC has sufficient contacts with California to be subject to both general and specific jurisdiction here.  ASMC disagrees, maintaining that it has not purposefully availed itself of the privilege of conducting activities within California, thus invoking any benefits and protections of California law, and therefore neither general jurisdiction nor specific jurisdiction is proper.

As noted above, specific jurisdiction exists when the cause of action arises out of or relates to a defendant's contacts with the forum State.  The first factor used to determine whether specific personal jurisdiction is proper is whether ASMC "purposefully directed" its activities at residents of California.  O2 Micro

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

contends that, based upon its relationship and contacts with MPS in California, ASMC has.  As O2 Micro notes, MPS and ASMC are engaged in an ongoing business arrangement, resulting in millions of dollars in purchases in one year and requiring frequent communication.  Although MPS takes legal ownership of the wafers in China, ASMC mails the wafers to MPS in California pursuant to ASMC's agreement with MPS.

ASMC argues that all of its services on behalf of MPS are performed in Shanghai, and thus it does not purposefully avail itself of the laws and benefits of California.  It notes that MPS pays for "the amount of any freight, insurances, handling and other duties levied on the shipment of wafers to MPS."  Bijal Vakil Dec., Ex. F at ¶ 6.5.  As ASMC correctly notes, contacts resulting from the unilateral activity of a third person are not attributable to a defendant; minimum contacts must arise from the actions of the defendant itself.  See, e.g., Red Wing Shoe, 148 F.3d at 1361.  But ASMC's attempt to portray itself as a passive participant in its business relationship with MPS is not persuasive.

Nor is its argument persuasive that it does not purposefully direct its activities at California residents because its agreement with MPS is governed by Chinese law, not California law.  ASMC is correct that the Supreme Court has stated that its cases do not "suggest that a choice-of-law provision should be ignored in considering whether a defendant has purposefully invoked the benefits and protections of a State's law for jurisdictional purposes."  Burger King, 471 U.S. at 482.  It is one factor for a court to consider; but a choice-of-law provision is not

8

United States District Court

For the Northern District of California

1  determinative.  It is also not determinative that ASMC does not

2  manufacture the wafers specifically for the California market and

3  that it does not know where MPS ships, sells or distributes its

4  final products that contain wafers made by ASMC.

5      The Court finds that ASMC has purposefully directed its

6  activities at MPS, a valuable customer and a California resident;

7  ASMC's conduct and connection with California, the home of its

8  customer MPS and other customers, are such that it should

9  reasonably anticipate being haled into court in California in a

10 dispute where MPS is a party.  See World-Wide Volkswagen Corp., 444

11 U.S. at 297.

12     Second, the Court must consider whether O2 Micro's

13 infringement claim arises out of or relates to ASMC's activities in

14 California.  ASMC again notes that it manufactures all of its

15 wafers in Shanghai and that MPS takes ownership of the wafers in

16 Shanghai; it emphasizes that it does not make, use, offer to sell

17 or sell any patented invention in California.  Thus, ASMC argues

18 that O2 Micro cannot show that its patent infringement action

19 arises out of or is related to ASMC's activities in California.

20 This argument is unpersuasive; as O2 Micro correctly notes, but for

21 ASMC's sale and shipment of the wafers to MPS in California, there

22 would be no cause of action against ASMC.  The Court finds that

23 enough to satisfy the second factor.

24     The third and final factor that the Court must consider is

25 whether exercising jurisdiction over ASMC is reasonable and fair.

26 ASMC asserts that the burden on it to defend this suit in

27 California, in a foreign land with a foreign legal system, is

28                                  9

United States District Court

For the Northern District of California

1  extraordinary; it again reminds the Court that it is a company

2  based in China that has no offices, facilities, properties or

3  employees in California.  It requests that the Court heed the

4  Supreme Court's admonishment to exercise "great care and reserve"

5  in extending notions of personal jurisdiction into the

6  international field.  See Asahi, 480 U.S. at 115.  However, the

7  Supreme Court has explained that "progress in communications and

8  transportation has made the defense of a lawsuit in a foreign

9  tribunal less burdensome." World-Wide Volkswagen, 444 U.S. at 294

10 (citation omitted).  The burden on ASMC is not compelling or

11 extraordinary.  See Beverly Hills Fan, 21 F.3d at 1569 (finding

12 that burden on company headquartered in People's Republic of China

13 litigating in Virginia was not sufficiently compelling to outweigh

14 the plaintiff's and forum State's interests).

15     ASMC notes that O2 Micro is a Cayman Islands company.  And,

16 although the forum State's legitimate interest is "considerably

17 diminished" when the plaintiff is not a resident of the forum

18 State, Asahi, 480 U.S. at 114, the Court finds that California has

19 an interest in this litigation.  MPS is a California resident, and,

20 as O2 Micro notes, California has an interest in protecting

21 intellectual property to encourage technological development while

22 promoting a stable economy for its businesses and residents.

23     In sum, the Court finds that exercising jurisdiction is

24 reasonable and fair; this is not one of the rare cases in which due

25 process requires that jurisdiction be denied because it would be

26 unreasonable for the forum State to assert jurisdiction.  Beverly

27 Hills Fan, 21 F.3d at 1568.  Because the Court finds that specific

28                                10

jurisdiction is appropriate, it does not address general
jurisdiction.

CONCLUSION

For the foregoing reasons, Counterdefendant ASMC's motion to
dismiss for personal jurisdiction (Docket No. 66) is DENIED.

IT IS SO ORDERED.


Dated: 12/21/05

_____
CLAUDIA WILKEN
United States District Judge