IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., | No. C-04-02000 CW (EDL) |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL** |
| v. | |
| 02 MICRO INTERNATIONAL LIMITED, | |
| Defendant. | |

Defendant O2 Micro served requests for production of documents numbers 49-60 and a deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6) seeking the identities of customers of Plaintiff MPS who received stock option grants in exchange for assisting MPS in developing its technology as referenced in MPS' March 2005 press release. O2 Micro Mot. at 1:18-20; Declaration of Bijal Vakil Ex. B (press release stating that stock options were granted "primarily in 2000 through 2002 to individuals who helped in the development of early products of the Company, and were contingent upon the Company completing an initial public offering."). O2 Micro seeks to determine whether the stock option grants involve O2 Micro customers or O2 Micro technology. O2 Micro Reply at 2:24-25. MPS objected to producing this information, so O2 Micro filed a motion to compel. The Court held a hearing on O2 Micro's motion on May 30, 2006. At the hearing, the Court informed the parties that the issue of the relevance of the discovery sought by O2 Micro depended on whether prior litigation had shown that a recipient of a grant of MPS stock options had misappropriated O2 Micro's trade secrets. As instructed at the hearing, the parties submitted additional letter briefs on May 31, 2006 and June 2, 2006 addressing that issue.

O2 Micro first attempts to show misappropriation of confidential information by employees at Ambit and Delta to justify discovery. However, there has been no judicial determination that

Ambit or Delta or any of their employees misappropriated O2 Micro's confidential information. By contrast, in prior cases involving MPS in this district and in the Eastern District of Texas, both a jury and a district court judge determined that Sumida, an MPS customer, misappropriated O2 Micro's confidential information. O2 Micro also points to testimony by an MPS employee, Mr. Luan, that MPS had offered stock options to Sumida employees and that one of those employees, Mr. Jaing, used the proceeds to buy a car. The actual testimony is less clear: "I'm not sure whether, if that is offer of stock option. All I know is they hold some MPS stock. Possible they purchase themselves. I don't know where they got the stock." See O2 Micro Ex. 5 at 83:14-17. He also testified that Mr. Jiang purchased a car using the proceeds of a stock sale, but that he did not know how, when or where Mr. Jiang obtained the stock, whether it was gifted to Mr. Jiang, or whether Mr. Jiang sold the stock or not. See O2 Micro Ex. 6 at 120:13-121:16.

However, MPS concedes that some of the stock options at issue were given to two individuals who, at least as of 2005, worked for Sumida. MPS June 2, 2006 Letter at 3. Mr. Jiang was not one of those individuals. Id. MPS has electronically searched its document production and the names of the two Sumida grantees do not appear on any document that mentions O2 Micro. Id.

Nevertheless, the grant of options to these Sumida employees indicates a possible connection between MPS' grant of stock options and the misappropriation of O2 Micro's confidential information. Accordingly, O2 Micro's motion to compel is granted in part. No later than June 23, 2006, MPS shall produce to O2 Micro documents sufficient to show the identity of the individuals from Sumida who received stock options during the relevant time period, along with the date of the grants, the reasons for the grants including the help given by the recipient in early product development, the dates the options were exercised, the strike price of the options and the recorded reason for granting the options.

**IT IS SO ORDERED.**

Dated: June 12, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge