1  K.T. Cherian (SBN 133967)
   Duane H. Mathiowetz (SBN 111831)
2  Henry C. Su (SBN 211202)
   HOWREY LLP
3  525 Market Street, Suite 3600
   San Francisco, California  94105
4  Telephone:  (415) 848-4900
   Facsimile:  (415) 848-4999
5
   Attorneys for Plaintiff O2 Micro International Limited
6

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11  MONOLITHIC POWER SYSTEMS, INC., a          )  Case No. C 04-02000 CW (Lead Case)
    Delaware corporation,                      )
12                                             )  Case No. C 06-02929 CW
                  Plaintiff,                    )
13                                             )  **PLAINTIFF O2 MICRO INTERNATIONAL**
          vs.                                   )  **LIMITED'S REPLY TO DEFENDANT**
14                                             )  **MONOLITHIC POWER SYSTEMS, INC.'S**
    O2 MICRO INTERNATIONAL LIMITED, a          )  **COUNTERCLAIMS**
15  Cayman Islands corporation,                )
                                               )  **Jury Trial Demanded**
16                Defendant.                    )
                                               )
17  ─────────────────────────────             )
                                               )
    AND RELATED COUNTERCLAIMS.                 )
18                                             )
                                               )
19  O2 MICRO INTERNATIONAL LIMITED, a          )
    Cayman Islands corporation,                )
20                                             )
                  Plaintiff,                    )
21                                             )
          vs.                                   )
22                                             )
    MONOLITHIC POWER SYSTEMS, INC., a          )
23  Delaware corporation, *et al.,*            )
                                               )
24                Defendants.                   )
                                               )
25  ─────────────────────────────             )
                                               )
    AND RELATED COUNTERCLAIMS, CROSS-          )
26  CLAIMS AND THIRD PARTY CLAIMS.             )
                                               )
27  ─────────────────────────────             )

28

HOWREY LLP

O2 MICRO'S REPLY TO MPS'S COUNTERCLAIMS
Case No. C 04-2000 CW (EDL)

1    Plaintiff O2 Micro International Limited ("O2 Micro"), for its Reply to the Counterclaims of

2    Monolithic Power Systems, Inc. ("MPS") (No. C 06-02929 CW, Doc. # 44, dated July 28, 2006 and

3    asserted in response to O2 Micro's Third Amended Complaint), hereby states as follows, in the same

4    numerical order as the paragraphs appearing therein:

5         1.    Admitted.

6         2.    Admitted.

7         3.    O2 Micro admits that this Court has subject matter jurisdiction over MPS's First

8    Counterclaim for declaratory relief under the federal patent laws.  O2 Micro denies that this Court has

9    pendent or supplemental jurisdiction over MPS's Second, Third and Fourth Counterclaims because

10   these state law counterclaims do not share a common nucleus of operative facts with the First

11   Counterclaim for declaratory relief.

12        4.    Admitted.

13        5.    Admitted.

14        6.    O2 Micro lacks sufficient knowledge to admit or deny the averments of Paragraph 6 of

15   MPS's counterclaims, and on that basis denies each and every averment of Paragraph 6.

16        7.    Admitted.

17        8.    Denied.

18        9.    Admitted.  To clarify, O2 Micro asserts that the '129 patent is entitled to the priority

19   date of at least as early as July 22, 1999.

20        10.   O2 Micro admits that it filed the '615 utility patent application on November 9, 1999.

21   O2 Micro admits that on or about July 6, 2000, the Examiner issued an Office Action rejecting all

22   pending claims (including claims 1 and 18) as obvious in view of the prior art.  O2 Micro denies the

23   remaining averments of Paragraph 10 because they are misleading.  MPS has selectively quoted

24   snippets from O2 Micro's amendments to the claims without providing the proper context, and while

25   ignoring the other amendments and accompanying remarks.

26        11.   O2 Micro denies that the particular limitations from claims 1 and 18 may be referred to

27   as the "only if" limitations.  The two limitations recite several terms, of which "only" and "if" are only

28   two terms.  The terms "feedback," "control," "loop," "circuit" and others, which are also parts of the

**HOWREY LLP**

O2 MICRO'S REPLY TO MPS'S COUNTERCLAIMS
Case No. C 04-2000 CW (EDL)

claim limitation, may not be ignored because each of those terms, individually and in combination with the other terms, uniquely affects the scope and meaning of the claim limitation.  O2 Micro denies the remaining averments of Paragraph 11 because MPS has selectively quoted snippets from O2 Micro's arguments to the Examiner without providing the proper context, and while ignoring the other arguments.

12.     O2 Micro denies the averments of paragraph 12 because MPS ignores many amendments to the claims and arguments made by O2 Micro, which caused the Examiner to allow the claims of the '615 patent.  O2 Micro further denies the averments of paragraph 12 because MPS lumps all the claims together and does not refer to the claims with specificity; each claim gives rise to an independent claim of action.

13.      O2 Micro admits that on or about October 2001, O2 Micro filed a civil action against MPS in the U.S. District Court for the Northern District of California alleging that MPS's CCFL inverter products infringed the '615 patent, Case No. C-01-3995 ("the '615 action").  O2 Micro denies the remaining averments of Paragraph 13 because O2 Micro lacks sufficient knowledge about the MP1010.

14.     O2 Micro denies the averments of Paragraph 14 because MPS did not produce any evidence in the '615 action showing that the MP1010 was a material prior art to the '615 patent.

15.     O2 Micro denies the averments of Paragraph 15 because the MP1010 is not a material prior art to the '722 and '129 patents.

16.     O2 Micro denies the averments of Paragraph 16 because the MP1010 is not a material prior art to the '722 and '129 patents.

17.     O2 Micro admits that under the patent laws of the United States, a patent is invalid if its claimed subject matter was known or used by another in the United States, or was made in the United States by another who had not abandoned, suppressed or concealed the claimed subject matter, before the invention date of the applicant for the patent.  O2 Micro denies the remaining averments of Paragraph 17 because the MP1010 is not a material prior art to the '722 and '129 patents.

18.     O2 Micro denies the averments of Paragraph 18 because the MP1010 is not a material prior art to the '722 and '129 patents.

1    19.    Denied.

2    20.    Denied.

3    21.    Denied.

4    22.    Denied.

5    23.    O2 Micro denies the averments of Paragraph 23 because the particular details concerning a transformer designed specifically for use in a particular commercial application in no way implicate the best mode of carrying out the invention of the '615 patent. O2 Micro further denies the averments of Paragraph 23 because the transformer in question was not even designed with the intent that it be used with the inverter circuits claimed in the '615 patent, and hence it bears no relation to the invention of the '615 patent.

    24.    O2 Micro admits that it safeguarded the CIUH8D transformer design specifications as a trade secret. O2 Micro denies the remaining averments of Paragraph 24 because the particular details concerning a transformer designed specifically for use in a particular commercial application in no way implicate the best mode of carrying out the invention of the '615 patent. O2 Micro further denies the remaining averments of Paragraph 24 because the transformer in question was not even designed with the intent that it be used with the inverter circuits claimed in the '615 patent, and hence it bears no relation to the invention of the '615 patent.

    25.    Denied.

    26.    O2 Micro denies the averments of Paragraph 26 because the particular details concerning a transformer designed specifically for use in a particular commercial application in no way implicate the best mode of carrying out the invention of the '615 patent. O2 Micro further denies the averments of Paragraph 26 because the transformer in question was not even designed with the intent that it be used with the inverter circuits claimed in the '615 patent, and hence it bears no relation to the invention of the '615 patent.

    27.    O2 Micro admits that Dr. Lin, the inventor of the patents-in-suit, testified in connection with Case Nos. C 00-04071 CW and C 01-03995 CW, which were previously pending in this Court. O2 Micro denies the remaining averments of Paragraph 27 because they are misleading.  MPS has

28

selectively cited and mischaracterized snippets from Dr. Lin's trial testimony without providing the proper context, and while ignoring other, more pertinent testimony and evidence.

28.    Denied.

29.    Denied.

30.    Admitted.

31.    Admitted.

32.    O2 Micro denies the averments of Paragraph 32 because Dr. Lin's doctoral dissertation is not a material prior art to the '615, '722 and '129 patents.

33.    O2 Micro denies the averments of Paragraph 33 because Dr. Lin's doctoral dissertation is not a material prior art to the '615, '722 and '129 patents.

34.    Denied.

35.    Denied.

36.    O2 Micro denies the averments of Paragraph 36 because they misleadingly suggest that the OZ960A, OZ960AS, OZ962 and OZ969 were each on sale or offered for sale in this country beginning in or about 1996.

37.    O2 Micro denies the averments of Paragraph 37 because they misleadingly suggest that the OZ960A, OZ960AS, OZ962 and OZ969 disclose the feedback control circuitry and open lamp protection circuitry of the '615, '722 and '129 patents.

38.    O2 Micro admits that under the patent laws of the United States, a patent is invalid if its claimed subject matter was described in a printed publication, in public use, or on sale in this country more than one year prior to the date of the application for patent in the United States.  O2 Micro denies the remaining averments of Paragraph 38 because the OZ960A, OZ960AS, OZ962 and OZ969 are not prior art—much less material prior art—to the '615, '722 and '129 patents.

39.    O2 Micro denies the averments of Paragraph 39 because the OZ960A, OZ960AS, OZ962 and OZ969 are not prior art—much less material, non-cumulative prior art—to the '615, '722 and '129 patents, and hence cannot be said to have been material to the prosecution of the '129 patent.

40.    Denied.

41.    Denied.

42. O2 Micro denies the averments of Paragraph 42 because it is unclear what is the "'234 patent" referred to on page 18, line 4, and hence exactly what Information Disclosure Statement dated April 9, 2001 is the subject of these averments.

43. O2 Micro denies the averments of Paragraph 43 because it is unclear what is the "'234 patent" referred to on page 18, line 4, and hence exactly what Information Disclosure Statement dated April 9, 2001 is the subject of these averments.

44. O2 Micro denies the averments of Paragraph 44 because U.S. Patent No. 5,844,378 to LoCascio et al. (the "'378 patent") is not a material, non-cumulative prior art to the '129 patent.

45. Denied.

46. O2 Micro denies the averments of Paragraph 46 because the '378 patent is not a material, non-cumulative prior art to the '129 patent.

47. Denied.

48. Denied.

49. Admitted.

50. O2 Micro denies the averments of Paragraph 50 because O2 Micro properly met the requirements of the Taiwan Intellectual Property Office ("TIPO").

51. O2 Micro denies the averments of Paragraph 51 because O2 Micro properly met the requirements of both the Taiwan Intellectual Property Office ("TIPO") and the United States Patent & Trademark Office ("USPTO").

52. Denied.

53. Admitted.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. O2 Micro lacks sufficient knowledge to admit or deny the averments of Paragraph 58, and on that basis denies each and every averment of Paragraph 58.

59.    O2 Micro lacks sufficient knowledge to admit or deny the averments of Paragraph 59, and on that basis denies each and every averment of Paragraph 59.

60.    O2 Micro lacks sufficient knowledge to admit or deny the averments of Paragraph 60, and on that basis denies each and every averment of Paragraph 60.

61.    O2 Micro lacks sufficient knowledge to admit or deny the averments of Paragraph 61, and on that basis denies each and every averment of Paragraph 61.

62.    O2 Micro lacks sufficient knowledge to admit or deny the averments of Paragraph 62, and on that basis denies each and every averment of Paragraph 62.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    No response from O2 Micro is required for Paragraph 68.

69.    Admitted.

70.    Admitted.  To clarify, O2 Micro admits that MPS is contending that the '129 patent is not valid, enforceable and/or infringed, but asserts that the '129 patent is in fact valid, enforceable and infringed by MPS.

71.    No response from O2 Micro is required for Paragraph 71.

72.    Denied.

73.    O2 Micro denies the averments of Paragraph 73 because its patents in the United States and in Taiwan were not fraudulently obtained.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.  To clarify, O2 Micro denies that its lawful and privileged actions have directly and proximately caused any injury in fact and financial harm to MPS for which relief may be granted.

79.     No response from O2 Micro is required for Paragraph 79.

80.     O2 Micro lacks sufficient knowledge to admit or deny the averments of Paragraph 80, and on that basis denies each and every averment of Paragraph 80.

81.     Denied.

82.     Denied.

83.     Denied.

84.     O2 Micro denies that its lawful and privileged actions have caused any breach or disruption of MPS's contractual and economic relationships with customers, distributors and suppliers. O2 Micro lacks sufficient knowledge to admit or deny the remaining averments of Paragraph 84, and on that basis denies each and every remaining averment of Paragraph 84.

85.     Denied.  To clarify, O2 Micro denies that its lawful and privileged actions have directly and proximately caused MPS to suffer any damages for which relief may be granted.

86.     Denied.

87.     Denied.  To clarify, O2 Micro denies that its lawful and privileged actions have caused and/or will continue to cause MPS any immediate and irreparable harm for which relief may be granted.  O2 Micro further denies that MPS is entitled to any equitable relief whatsoever.

88.     No response from O2 Micro is required for Paragraph 88.

89.     O2 Micro lacks sufficient knowledge to admit or deny the averments of Paragraph 89, and on that basis denies each and every averment of Paragraph 89.

90.     Denied.

91.     Denied.

92.     Denied.

93.     O2 Micro denies that its lawful and privileged actions have caused any disruption of MPS's prospective economic relationships with customers, potential customers, distributors and suppliers.  O2 Micro lacks sufficient knowledge to admit or deny the remaining averments of Paragraph 93, and on that basis denies each and every remaining averment of Paragraph 93.

94.     Denied.  To clarify, O2 Micro denies that its lawful and privileged actions have directly and proximately caused MPS to suffer any damages for which relief may be granted.

95.     Denied.

96.     Denied. To clarify, O2 Micro denies that its lawful and privileged actions have caused and/or will continue to cause MPS any immediate and irreparable harm for which relief may be granted. O2 Micro further denies that MPS is entitled to any equitable relief whatsoever.

97.     The section of MPS's Counterclaims that constitutes its Prayer for Relief does not require a response. To the extent that this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, O2 Micro denies each and every such allegation. O2 Micro denies that MPS is entitled to any relief, either as requested in MPS's Counterclaims or otherwise.

## GENERAL DENIAL

98.     O2 Micro further denies any of the allegations in MPS's Counterclaims not specifically admitted in the responses set forth above in Paragraphs 1-97.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

99.     O2 Micro's conduct is lawful under applicable law, including the laws of the State of California, the United States of America and the Republic of China.

### Second Affirmative Defense

100.    O2 Micro's actions are privileged and/or immune under Noerr-Pennington doctrine and/or related doctrines.

### Third Affirmative Defense

101.    O2 Micro's conduct is privileged and/or immune under its lawful right to exclude granted by 35 U.S.C. § 271 and other provisions of the Patent Act.

### Fourth Affirmative Defense

102.    O2 Micro's patent infringement suits have been brought in good faith, without any knowledge that any of the asserted patents are invalid or unenforceable.

### Fifth Affirmative Defense

103.    O2 Micro's patent infringement suits are not objectively baseless because they have been brought with a realistic expectation of success on the merits, as evidenced, for example, by the

1  judgments that O2 Micro has obtained against other defendants in the United States District Court for

2  the Eastern District of Texas.

**Sixth Affirmative Defense**

4      104.    O2 Micro's patent infringement suits have not been brought in bad faith and as a

5  concealed attempt to interfere directly with MPS's business relationships with other companies.

**Seventh Affirmative Defense**

7      105.    MPS's Answers to the Third Amended Complaint and its Counterclaims fail to state

8  facts sufficient to constitute a claim upon which relief can be granted.

**Eighth Affirmative Defense**

10      106.    The '615, '722 and '129 patents are valid and enforceable, and are presumed to be valid

11  and enforceable under 35 U.S.C. § 282.

**Ninth Affirmative Defense**

13      107.    MPS is time-barred from bringing its Second, Third and Fourth Counterclaims.  MPS is

14  also barred from asserting its Second, Third and Fourth Counterclaims under the doctrines of res

15  judicata, estoppel and waiver because it failed to assert them in prior action(s).

**Tenth Affirmative Defense**

17      108.    MPS is barred from bringing its Counterclaims due to the application of the equitable

18  doctrines of laches, unclean hands, and improper and/or inequitable conduct.

**Eleventh Affirmative Defense**

20      109.    MPS is barred from attacking the validity and enforceability of the '722 patent, directly

21  or indirectly, based on the doctrine of collateral estoppel.

**Twelfth Affirmative Defense**

23      110.    The MP1010 integrated circuit; Dr. Lin's Ph.D. dissertation; the OZ960A/AS, OZ962

24  and OZ969 inverters; and U.S. Patent No. 5,844,378 are not material and non-cumulative prior art as to

25  any of the asserted patents.  Nor is any of these references invalidating prior art.

**Thirteenth Affirmative Defense**

27      111.    Any alleged omission of the MP1010 integrated circuit; Dr. Lin's Ph.D. dissertation; the

28  OZ960A/AS, OZ962 and OZ969 inverters; and/or U.S. Patent No. 5,844,378 from an information

1  disclosure statement submitted in a patent application related to any of the '615, '722 and '129 patents

2  was neither knowingly nor willfully fraudulent.  Any alleged omission of any of these references from

3  an information disclosure statement submitted in a patent application related to any of the '615, '722 or

4  '129 patent was not made with the clear intent to deceive the patent examiner.

5  **Fourteenth Affirmative Defense**

6        112.    O2 Micro has neither violated the best mode requirement nor committed any inequitable

7  conduct by allegedly failing to disclose the details of its CIUH8D transformer design to the Patent and

8  Trademark Office in connection with a patent application related to any of the '615, '722 and '129

9  patents.  The CIUH8D transformer design is not a relevant—much less material—aspect of the

10 disclosure of the invention of the '615, '722 and '129 patents, and its alleged nondisclosure or

11 omission from the specification was not knowingly or willfully fraudulent, nor made with the clear

12 intent to deceive the patent examiner.

13 **Fifteenth Affirmative Defense**

14       113.    MPS's Counterclaims, to the extent that they are based upon O2 Micro's alleged

15 inequitable conduct in the procurement of a Republic of China patent from the TIPO, are barred by the

16 "act of state" doctrine and related principles of state sovereignty and international comity.

17 **Sixteenth Affirmative Defense**

18       114.    MPS's Second, Third and Fourth Counterclaims, to the extent that they are based upon

19 O2 Micro's alleged inequitable conduct in the procurement of the '615, '722 or '129 patent from the

20 USPTO, are preempted by the federal Patent Act.

21 **Seventeenth Affirmative Defense**

22       115.    To the extent that they are relevant to the Second, Third and Fourth Counterclaims, O2

23 Micro's actions in Taiwan, the Republic of China, are beyond the territorial jurisdiction of California's

24 unfair competition law, Business & Professions Code § 17200, and California common law.

25 **Eighteenth Affirmative Defense**

26       116.    MPS lacks standing to bring an action under California's unfair competition law,

27 Business & Professions Code § 17200.

28 / /

1

**Nineteenth Affirmative Defense**

2   117.   Any information in O2 Micro's possession that relates to MPS, its products or its

3   business and that MPS claims to be its own proprietary and/or confidential subject matter was obtained

4   by or given to O2 Micro through publicly available sources, independent derivation or reverse

5   engineering, and not through the use of any improper means.

6

**Twentieth Affirmative Defense**

7   118.   MPS's Second, Third and Fourth Counterclaims, to the extent that they seek relief

8   based on O2 Micro's alleged misappropriation of trade secrets, constitute alternative torts that are

9   preempted by the California Uniform Trade Secrets Act, California Civil Code § 3426.1, et seq.

10

**NOTICE OF DETERMINATION OF FOREIGN LAW**

11   119.   Under Rule 44.1 of the Federal Rules of Civil Procedure, O2 Micro hereby gives

12   written notice that MPS's Counterclaims—to the extent that they are based upon (a) O2 Micro's

13   alleged inequitable conduct in the procurement of a Republic of China patent from the TIPO and the

14   enforcement of the Republic of China patent against MPS, and (b) O2 Micro's alleged

15   misappropriation of MPS's trade secrets from Delta Electronics, Inc. ("DEI") and other Taiwan

16   companies through an alleged induced breach of their non-disclosure agreements with MPS, will

17   require a determination of foreign law.

18

**JURY DEMAND**

19   120.   Under Rule 38 of the Federal Rules of Civil Procedure, O2 Micro hereby demands a

20   trial by jury of any and all issue so triable that arises out of or relates to MPS's Counterclaims and/or

21   O2 Micro's affirmative defenses thereto.

22

**PRAYER FOR RELIEF**

23   WHEREFORE, O2 Micro prays for judgment and seeks relief against MPS as follows:

24   (a)   For judgment that the '129 patent, and the '615 and '722 patents as well, are valid and

25   enforceable, and that the '129 patent has been and/or continues to be infringed by MPS;

26   (b)   For dismissal with prejudice of MPS's Second, Third and Fourth Counterclaims and

27   judgment that MPS not recover anything by way of its Counterclaims;

28   (c)   For an accounting of all damages sustained by O2 Micro as the result of MPS's acts of

1   infringement;

2        (d)    For preliminary and permanent injunctions enjoining the aforesaid acts of infringement

3   by MPS, its officers, agents, servants, employees, subsidiaries, successors, assigns, and all other

4   persons acting in concert or participation with MPS, including related individuals and entities,

5   customers, representatives, dealers, distributors, and importers;

6        (e)    For actual damages together with prejudgment interest;

7        (f)    For enhanced damages based on MPS's willful infringement of the '129 patent and

8   other exceptional circumstances recognized under 35 U.S.C. § 284;

9        (g)    For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted

10   by law;

11        (h)    For all costs of suit, including an award of costs for vexatious litigation under 28 U.S.C.

12   § 1927; and

13        (i)    For such other and further relief as the Court may deem just and proper.

14   Dated:  August 21, 2006          HOWREY LLP

15

16

17                   By:       /s/ Henry C. Su

18                            Henry C. Su
                   Attorneys for Plaintiff
                   O2 Micro International Limited

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2      As required by Civil Local Rule 5-6(a)(2), the undersigned hereby certifies that on

3   August 21, 2006, a true and correct copy of:

4      **PLAINTIFF O2 MICRO INTERNATIONAL LIMITED'S REPLY TO DEFENDANT
       MONOLITHIC POWER SYSTEMS, INC.'S COUNTERCLAIMS**

5

6   was served on the following counsel of record for Defendants electronically through this Court's

    Electronic Case Filing System, in accordance with Civil Local Rule 5-5(b):

7

8         Thomas J. Friel, Jr.                    James P. Brogan
          tfriel@cooley.com                       jbrogan@cooley.com
          Matthew J. Brigham                      Chad T. Nitta
9         mbrigham@cooley.com                     nittact@cooley.com
          COOLEY GODWARD LLP                      COOLEY GODWARD LLP
10        3000 El Camino Real                     380 Interlocken Crescent, Suite 900
          Five Palo Alto Square                   Broomfield, CO  80021-8023
11        Palo Alto, CA  94306                    Telephone: (720) 566-4000
          Telephone: (650) 843-5000               Facsimile: (720) 566-4099
12        Facsimile: (650) 857-0663

13        Brian E. Mitchell                       Robert Steinberg
          bmitchell@cooley.com                    bob.steinberg@lw.com
14        COOLEY GODWARD LLP                      Mark A. Flagel
          101 California Street, 5th Floor        mark.flagel@lw.com
15        San Francisco, CA  94111-5800           LATHAM & WATKINS
          Telephone:  (415) 693-2000             633 West Fifth Street, Suite 4000
16        Facsimile: (415) 693-2222               Los Angeles, CA  90071-2007
                                                  Telephone: (213) 485-1234
17        Dean G. Dunlavey                        Facsimile: (213) 891-8763
          dean.dunlavey@lw.com
18        LATHAM & WATKINS                        Kaiwen Tseng
          650 Town Center Drive, 20th Floor       ktseng@orrick.com
19        Costa Mesa, CA  92626-1925              Sanjeet K. Dutta
          Telephone: (714) 540-1235               sdutta@orrick.com
20        Facsimile: (714) 755-8290               Matthew J. Hult
                                                  matthult@orrick.com
21                                                James Lin
          Thomas Allan Connop                     jlin@orrick.com
22        tconnop@lockeliddell.com                ORRICK HERRINGTON & SUTCLIFFE LLP
          Charles Edward Phipps                   1000 Marsh Road
23        cphipps@lockeliddell.com                Menlo Park, CA  94025
          LOCKE LIDDELL & SAPP, LLP               Telephone: (650) 614-7400
24        2200 Ross Avenue, Suite 2200            Facsimile: (650) 614-7401
          Dallas, TX  75201
25        Telephone: (214) 740-8000
          Facsimile: (214) 740-8800
26

27

28

1

2
Randall G. Block
randall.block@sdma.com

3
SEDGWICK, DETERT, MORAN & ARNOLD
LLP

4
One Market Plaza
Steuart Tower, 8th Floor

5
San Francisco, CA  94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

6

7

8

9
  /s/ Henry C. Su
Henry C. Su

10
DM_US\8343938

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28