FILED

SEP 1 1 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Island corporation,<br><br>    Defendant.<br>_____/<br>AND RELATED COUNTERCLAIMS.<br>_____/ | No. C 04-2000 CW<br><br>ORDER OVERRULING O2 MICRO'S OBJECTION TO MAGISTRATE JUDGE'S JUNE 12, 2006 DISCOVERY ORDER |

    On June 12, 2006, Magistrate Judge Elizabeth D. Laporte granted in part a motion to compel filed by Defendant O2 Micro International Limited and denied it in part. Now before the Court is O2 Micro's objection to that order. Having considered the parties' papers, the Court overrules O2 Micro's objection.

BACKGROUND

    On January 30, 2006, O2 Micro served Plaintiff Monolithic Power Systems, Inc. (MPS) with its Third Set of Requests for Documents and Things. The requests sought information about stock

options granted by MPS to individuals employed by certain of MPS' customers. According to O2 Micro, MPS provided its customers' employees with stock options in exchange for O2 Micro's confidential information. MPS objected to producing this information, claiming that the requested discovery was overly broad, irrelevant and intended to interfere with its relationship with its customers and shareholders. O2 Micro moved to compel.

On May 30, 2006, Magistrate Judge Laporte heard oral arguments on O2 Micro's motion to compel. At the hearing, Magistrate Judge Laporte informed the parties that "the issue of the relevance of the discovery sought by O2 Micro depended on whether prior litigation had shown that a recipient of a grant of MPS stock options had misappropriated O2 Micro's trade secrets" and requested supplemental briefing addressing that issue. July 12, 2006 Order, Docket 225.

After reviewing the supplemental briefing, Magistrate Judge Laporte concluded that O2 Micro was not able to show misappropriation of confidential information by Ambit and Delta employees and that there had been no judicial determination that Ambit or Delta, or any of their employees, misappropriated O2 Micro's confidential information. But O2 Micro did show that Sumida, a MPS customer, had misappropriated O2 Micro's confidential information; indeed, both a jury and a district court judge had concluded that Sumida misappropriated O2 Micro's confidential information. The magistrate judge ordered MPS to produce documents "sufficient to show the identity of the individuals from Sumida who received stock options during the relevant time period, along with

2

the date of the grants, the reason for the grants including the help given by the recipient in early product development, the dates the options were exercised, the strike price of the options and the recorded reason for granting the options." Id. The magistrate judge did not order MPS to produce any discovery about the nature and character of any other alleged stock option grants.

## DISCUSSION

The standard of review on a motion to reconsider a Magistrate Judge's ruling on a discovery matter is whether that ruling was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). O2 Micro argues that the June 12, 2006 order is contrary to law because it requires a judicial determination of misappropriation before allowing any discovery. O2 Micro focuses on one sentence in the order: "However, there has been no judicial determination that Ambit or Delta or any of their employees misappropriated O2 Micro's confidential information." Reading the order as a whole, however, the Court finds that the order is not contrary to the law, nor is it clearly erroneous.

Federal Rule of Civil Procedure 26(b) limits discovery to matters that are "relevant to the claims or defenses of any party." Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). As noted above, Magistrate Judge Laporte concluded that the issue of relevance "depended on whether prior litigation had shown that a recipient of a grant of MPS stock options had misappropriated O2 Micro's trade secrets." She did not conclude that relevance depended on prior judicial determinations or prior jury findings.

3

The parties have been involved in prior related litigation, and discovery disputes before Magistrate Judge Laporte, for six years. In determining whether the requested information was reasonably calculated to lead to the discovery of admissible evidence that is relevant to the parties' claims and defenses, Magistrate Judge Laporte looked to prior litigation between the parties. That is not contrary to the law. The order does not, as O2 Micro contends, require O2 Micro to prove, judicially, that MPS' customers misappropriated O2 Micro's trade secrets, before it is permitted discovery with which it might prove the misappropriation.

## CONCLUSION

Because the June 12, 2006 order is neither clearly erroneous nor contrary to the law, O2 Micro's objection to Magistrate Judge Laporte's June 12, 2006 Order (Docket No. 247) is OVERRULED.

IT IS SO ORDERED.

Dated: SEP 11 2006

CLAUDIA WILKEN
United States District Judge