IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>O2 MICRO INTERNATIONAL LIMITED,<br><br>    Defendant.                                / | No. C-04-02000 CW (EDL)<br><br>**ORDER GRANTING NON-PARTY MICROSEMI'S MOTION TO QUASH SUBPOENA** |

On or about August 8, 2006, MPS served a subpoena on non-party Microsemi, seeking deposition testimony on the structure, function and operation, and conception and reduction to practice of many of Microsemi's products. The subpoena also sought document production regarding the first sale of many of Microsemi's products as well as datasheets and application notes for some products. Microsemi argues that the information sought in the subpoena is highly confidential, and filed this motion to quash. The motion to quash was fully briefed by the parties. Because the matter was appropriate for decision without oral argument, the Court vacated the September 26, 2006 hearing.

For attendance at a deposition, a subpoena must issue "from the court for the district where the deposition is to be taken, stating the method for recording the testimony." Fed. R. Civ. P. 45(a)(2)(B); see also Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 amendment ("Pursuant to Paragraph (a)(2), a subpoena for a deposition must still issue from the court in which the deposition or production would be compelled."). Failure to issue a subpoena from the correct district court renders it void. See, e.g., James v. Booz-Allen & Hamilton, Inc., 206 F.R.D. 15, 19 (D. D.C. 2002) (citing Echostar Communications Corp. v. News Corp., Ltd., 180 F.R.D. 391, 396-97 (D. Colo. 1998)); William Schwarzer, et al., Federal Civil Procedure Before Trial, The Rutter Group, §

11:2262.

MPS responds that the subpoena properly issued from this Court because California Code of Civil Procedure section 1989 authorizes state-wide service of subpoenas and section 1989 is incorporated into Rule 45(b)(1). See Cambridge Filter Corp. v. Int'l Filter Co., 548 F. Supp. 1308, 1311 (D. Nev. 1982). This argument conflates issuance of a subpoena and service of a subpoena. Further, the Cambridge case, cited by MPS, is distinguishable in that it addresses whether to transfer an action to another district pursuant to 28 U.S.C. § 1404(a) and only mentions service of subpoenas in reference to the convenience of witnesses under that statute. Moreover, the Cambridge court does not appear to cite the current version of section 1989, which refers to circumstances under which a witness would not have to appear in court or elsewhere.

Here, the subpoena was issued from the Northern District of California, but set the place of the deposition and for production of documents in Irvine, California, which is in the Central District of California. Therefore, the subpoena is void on its face. Accordingly, Microsemi's motion to quash is granted.

**IT IS SO ORDERED.**

Dated: September 25, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge

2