IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Island corporation,<br><br>    Defendant.<br>_____/<br>AND RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY CLAIMS.<br>_____/ | No. C 04-2000 CW<br><br>(consolidated with No. C 06-2929 CW)<br><br>ORDER DENYING DELTA'S MOTION TO DISMISS COMPAL ELECTRONICS, INC.'S THIRD-PARTY COMPLAINT |

   Third-party Defendant Delta Electronics, Inc. (DEI) moves to dismiss third-party Plaintiff Compal Electronics, Inc.'s third-party complaint against it on grounds of forum non conveniens. Compal opposes this motion.  Having considered the parties' papers, the Court denies DEI's motion to dismiss Compal's third-party complaint.

BACKGROUND

O2 Micro International Limited sued Monolothic Power Systems, Inc. (MPS), Compal and other parties for patent infringement. MPS is a Delaware corporation having its principal place of business in California. Compal is a Taiwanese corporation that manufacturers and sells computer notebooks. O2 Micro alleges that Compal infringes the patents-in-suit by the manufacture, sale and offer for sale of notebook computers incorporating MPS' inverter controller chips. Compal buys from DEI, another Taiwanese corporation, inverter modules used to light cold cathode fluorescent lamps in notebook computers. DEI manufactures its inverter modules using MPS' inverter control chips.

O2 Micro did not sue DEI, but Compal did. Compal filed a third-party complaint against DEI, and Delta Products Corporation (DPC)[1], a California corporation, alleging breach of warranties of title and non-infringement, merchantability and fitness for a particular purpose and breach of their obligation to defend, indemnify and hold Compal harmless against claims of patent infringement. Compal also filed cross-claims against MPS for indemnity and breach of warranty. DEI then filed cross-claims against MPS for indemnity.

DEI now moves to dismiss the third-party complaint filed against it, arguing that this Court is not a convenient forum for a

---

[1] Compal contends that DPC is DEI's U.S. subsidiary. DEI and DPC dispute this contention. DPC has filed a motion for summary judgment on the grounds that it has no connection to the transactions at issue and is not, as Compal claims, DEI's alter ego.

2

dispute between two Taiwanese corporations.

## DISCUSSION

Under the doctrine of forum non conveniens, the district court has discretion to decline to exercise jurisdiction in a case where litigation in an alternative forum would be more convenient for the parties. The Supreme Court instructs that "dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249 (1981).

In deciding whether to dismiss an action due to forum non conveniens, the district court must "consider the availability of an adequate alternative forum, and then . . . whether several 'private' and 'public' interest factors favor dismissal." Leetsch v. Freedman, 260 F.3d 1100, 1103 (9th Cir. 2001). Ordinarily, in the case of a citizen plaintiff, there is a strong presumption in favor of the plaintiff's choice of forum, which can be overcome only when the private and public interest factors clearly point towards trial in the alternative forum. Piper Aircraft, 454 U.S. at 265-66. In the case of a foreign plaintiff, like Compal, the choice of forum "deserves less deference." Id. But even under the lesser deference standard, dismissals for forum non conveniens are "to be employed sparingly." See Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000).

I.   Adequate Alternative Forum

DEI contends that Taiwan is an adequate alternative forum.

3

Compal argues that it is not.  Its arguments, however, are not persuasive.

Ordinarily, an alternative forum exists when defendants are amenable to service of process in the foreign forum; a foreign forum is adequate when it provides the plaintiff with a sufficient remedy for its wrong.  <u>Dole Food Co. v. Watts</u>, 303 F.3d 1104, 1118 (9th Cir. 2002); <u>see also</u> <u>Lockman Foundation v. Evangelical Alliance Mission</u>, 930 F.2d 764, 767 (9th Cir. 1991) (noting that only in "rare circumstances," when the remedy provided by the alternative forum is so clearly inadequate "that it is no remedy at all," is the foreign forum not adequate).  DEI notes that, as Taiwanese corporations, Compal and DEI are amenable to service of process in Taiwan.  DEI also points out that Compal's "terms and conditions," that apply to its purchases, provide for jurisdiction in the Taiwan District Court in Taipei.  DEI further notes that Taiwan law provides Compal with a remedy of compensatory damages for breach of warranty and also provides a remedy for breach of an indemnity contract.

Compal responds that DEI fails to show that Taiwan is an alternative forum because it does not show that the entire case and all parties can come within the jurisdiction of Taiwan.  It cites <u>Alpine View Co. Ltd. v. Atlas Copco AB</u>, 205 F.3d 208, 221 (5th Cir. 2000), which states, "A foreign forum is available only when the entire case and all parties can come within the jurisdiction of that forum."  <u>See also</u> <u>Dole Food</u>, 303 F.3d at 1118 (quoting <u>Alpine View Co.</u>, 205 F.3d at 221).  Compal defines "entire case" to include the underlying patent case, not just its indemnity and

4

warranty claims against DEI and DPC, and defines "all parties" to include O2 Micro, MPS and others. Compal, however, provides no authority to support its broad definition. DEI notes that it seeks only dismissal of Compal's third-party complaint, or case, against it; it does not seek dismissal of the entire action, including the underlying patent action. It further notes that, if DPC's motion for summary judgment is not granted, DPC agrees to consent to the jurisdiction of Taiwan. Thus, Compal's entire third-party case and the parties in that case can come within the jurisdiction of Taiwan.

The Court finds that Taiwan is an alternative adequate forum.

## II. Private and Public Interest Factors

Given the existence of an adequate alternative forum, the Court must next consider the balance of private and public interests to determine whether to dismiss on grounds of <u>forum non conveniens</u>. <u>Lockman Foundation</u>, 930 F.2d at 769. DEI contends that the private and public interest factors weigh strongly in favor of dismissal. Compal disagrees, arguing that the private and public interest factors weigh in favor of the case remaining in the Northern District of California.

### A. Private interest factors

Private interest factors include "the relative ease of access to sources of proof, the availability of compulsory process for unwilling witnesses, the comparative cost of obtaining willing witnesses, the possibility of a view of any affected premises, the ability to enforce any judgment eventually obtained, and 'all other practical problems that make trial of a case easy, expeditious and

5

1 inexpensive.'"  Ravelo Monegro, 211 F.3d at 512 (citing Gulf Oil
2 Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

3    DEI notes that all of the witness with knowledge concerning
4 Compal's third-party complaint reside in Taiwan or the People's
5 Republic of China and that no transaction between Compal and DEI
6 occurred within the United States.  It cites cases holding that, in
7 similar situations, the private interest factor weighed strongly in
8 favor of dismissal.  See, e.g., Feenerty v. Swiftdrill, 706 F. Supp
9 519, 521 (E.D. Tex. 1989); Van Schijndel v. Boeing Co., 434
10 F. Supp. 2d 766 (C.D. Cal. 2006).  But those cases are
11 distinguishable; they do not involve third-party claims and
12 counter-claims tying the parties together.

13    DEI also cites Benq America Corp. v. Forward Electronics Co.,
14 2005 WL 3445629 (N.D. Cal. 2005).  In Benq America, the plaintiff
15 was sued for patent infringement.  The plaintiff responded by
16 bringing a separate action against the defendant, a Taiwanese
17 corporation, alleging breach of warranty and seeking indemnity.
18 The Court dismissed the case for lack of personal jurisdiction, not
19 on forum non conveniens grounds.  Benq America is distinguishable
20 in other ways.  In Benq America, the plaintiff argued that this
21 district would be the most efficient venue for its indemnity action
22 because the underlying patent infringement action was also pending
23 in this district.  The court, however, noted that the parties in
24 the patent infringement suit stipulated to dismiss the suit before
25 any substantive rulings were issued and thus there were "no 'issues
26 of infringement' that could have any bearing" on the indemnity and
27 breach of warranty action.  Id. at *9.  Here, the underlying patent

6

infringement case is still going forward and Compal's third-party claims against DEI are tied up in that action.

Obviously, it will be a burden for DEI, a Taiwanese corporation with seemingly no connection to California, to defend itself in a case in Northern California. See id. at *8 ("A foreign defendant with no connections with California and no offices or agents in the United States would be burdened by having to produce witnesses and evidence for litigation in California."). Compal points out, however, that most, if not all, of the witnesses identified by DEI are employees or agents who are under the parties' control and will appear voluntarily. See Arsape S.A. v. JDS Uniphase Corp., 2004 WL 2663180 (N.D. Cal. 2004) (dismissing case on forum non conveniens grounds where neither the court nor the defendant would have the ability to compel witnesses to testify). Although DEI provides information about the expense of bringing witnesses from Taiwan to Northern California, DEI does not identify a particular witness that would not testify. Compal further notes that, pursuant to discovery orders, DEI should have already produced relevant documents. See Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1199 (9th Cir. 1988) (noting that "modern advances in communications and transportation have significantly reduced the burden of litigating in another country"). Also weighing in favor of retaining this case in this district is that, because this is an action for breach of warranties and indemnification obligations, it is not necessary to view the premises where any transactions between the parties occurred.

7

As noted above, dismissal on forum non conveniens grounds should be granted when there is a heavy burden on the defendant "and where the plaintiff is unable to offer any specific reasons of convenience supporting [its] choice." Piper Aircraft, 454 U.S. at 249. Here, Compal offers specific reasons why retaining its third-party action against DEI in this district makes trial of the case convenient. For example, even if Compal's third-party action against DEI is dismissed, the Court will still need to decide similar indemnity issues as part of Compal's cross-claims against MPS. Because DEI used the accused MPS inverter controller chips in its inverter modules and sold those inverter modules to Compal, Compal's claims against DEI are tied to its claims against MPS. Compal notes that, under the Federal Rules of Civil Procedure, the rights of all parties in a controversy should generally be adjudicated in a single action. See Ashe v. Swenson, 397 U.S. 436, 455 (1970) (a "pervasive purpose" of the Rules is "to require or encourage the consolidation of related claims in a single lawsuit"). DEI responds that its indemnity agreement with Compal is distinct and does not overlap with MPS' indemnity agreement with MPS. Even if true, Compal offers other specific grounds explaining why this case should remain in this district.

Thus, the Court finds that the private interest factors weigh only slightly in favor of dismissal on the grounds of forum non conveniens.

B. Public interest factors

Public interest factors include court congestion, the unfairness of burdening citizens in an unrelated forum with jury

8

duty, the interest in having localized controversies decided at home, the interest in trying the case in a forum familiar with the applicable law, and the interest in avoiding unnecessary conflicts of laws, or applying foreign law. Gulf Oil, 330 U.S. at 509-09; Ravelo Monegro, 211 F.3d at 512.

DEI contends that even if the private interest factors do not strongly weigh in favor of dismissal, consideration of the public interest factors requires dismissal of Compal's third-party claims against it. It argues that the third-party complaint does not concern a localized controversy, again noting that all the transactions between itself and Compal occurred in Taiwan or the People's Republic of China, a fact Compal does not dispute. Nor does Compal dispute that Taiwanese law may apply.

Compal, however, insists that its third-party action involves controversies localized in this district. It notes that the alleged infringing devices are developed and manufactured by MPS, whose principal place of business is within this district, and that DPC's principal place of business is also within this district. Compal states that DEI cannot reasonably argue that Compal's third-party action does not touch and concern the Northern District of California. Even so, it is not a localized controversy. And, although prospective jurors would come from a community with an interest in this litigation, that interest would be slight. Therefore, the Court concludes that the public interest factors weigh slightly in favor of dismissal on the grounds of forum non conveniens.

Nonetheless, as noted above, Compal provides specific reasons explaining why this case between two Taiwanese corporations involving transactions that occurred in Taiwan should remain in this Court.  The third-party complaint does not involve a situation where "the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else."  Norwood v. Kirkpatrick, 349 U.S. 29, 31 (1955).  Plaintiff fails to show that the private and public interest factors weigh strongly in favor of dismissal.  The Court will not dismiss this case on the grounds of forum non conveniens.

## CONCLUSION

For the foregoing reasons, DEI's Motion to Dismiss Compal's Third-Party Complaint is DENIED.[2]

IT IS SO ORDERED.

Dated: 10/3/06

CLAUDIA WILKEN
United States District Judge

---

[2] To the extent that the Court relied upon evidence to which there is an objection, DEI's objections are overruled.  To the extent that the Court did not rely on such evidence, DEI's objections are overruled as moot.