United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Island corporation,<br><br>    Defendant.<br>_____/<br>AND RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY CLAIMS.<br>_____/ | No. C 04-2000 CW<br><br>(consolidated with No. C 06-2929 CW)<br><br>ORDER DENYING DELTA'S MOTION TO DISMISS MPS' COUNTERCLAIMS |

    Delta Electronics, Inc. (DEI) moves to dismiss Monolithic Power Systems, Inc.'s (MPS') counterclaims on grounds of <u>forum non conveniens</u>.  Alternatively, DEI moves, under Federal Rule of Civil Procedure 21, to sever MPS' counterclaims.  MPS opposes the motion.  The matter was submitted on the papers.  Having considered the parties' papers, the Court denies DEI's motion.

BACKGROUND

O2 Micro International Limited sued MPS, Compal Electronics, Inc. and other parties for patent infringement.  MPS is a Delaware corporation with its principal place of business in California.  Compal is a Taiwanese corporation that manufacturers and sells computer notebooks.  O2 Micro alleges that Compal infringes the patents-in-suit by the manufacture, sale and offer for sale of notebook computers incorporating MPS' inverter controller chips.  Compal buys from DEI, a Taiwanese corporation, inverter modules used to light cold cathode fluorescent lamps in notebook computers.  DEI manufactures its inverter modules using the accused MPS inverter control chips.

O2 Micro did not sue DEI, but Compal did.  Compal filed a third-party complaint against DEI and Delta Products Corporation (DPC), a California corporation, alleging breach of warranties of title and non-infringement, merchantability and fitness for a particular purpose and breach of their obligation to defend, indemnify and hold Compal harmless against claims of patent infringement.  DEI responded by a cross-claim against MPS for indemnity for any liability that DEI might have to Compal.  In response, MPS filed counterclaims against DEI for breach of contract and misappropriation of trade secrets.  MPS alleges that DEI breached a Non-Disclosure Agreement that it entered into with MPS and that it gave away MPS' trade secrets to O2 Micro.

DEI now moves to dismiss, or, alternatively, to sever MPS' counterclaims, arguing that those claims are not related to the underlying patent dispute and that this Court is not a convenient

2

forum for a dispute arising out of alleged conduct that occurred in Taiwan. But, as MPS notes, DEI does not seek to dismiss or sever its own claims against MPS for indemnity.

## DISCUSSION

I. Forum non conveniens

Under the doctrine of forum non conveniens, the district court has discretion to decline to exercise jurisdiction in a case where litigation in an alternative forum would be more convenient for the parties. Dismissal based on forum non conveniens is "an exceptional tool to be employed sparingly." Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000). The Supreme Court instructs that dismissal is ordinarily appropriate only where "the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249 (1981).

In deciding whether to dismiss an action due to forum non conveniens, the district court must "consider the availability of an adequate alternative forum, and then . . . whether several 'private' and 'public' interest factors favor dismissal." Leetsch v. Freedman, 260 F.3d 1100, 1103 (9th Cir. 2001). There is a strong presumption in favor of a domestic plaintiff's choice of forum, which can be overcome only when the private and public interest factors clearly point towards trial in the alternative forum. Piper Aircraft, 454 U.S. at 265-66; Ravelo Monegro, 211 F.3d 509 at 514.

MPS argues that the doctrine of forum non conveniens is

3

inapplicable here because DEI seeks to force MPS to litigate its claims against DEI in Taiwan, while DEI pursues its own claims against MPS in this Court. MPS relies on Dole Food Co. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2000) (quoting Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 221 (5th Cir. 2000)), which states, "A foreign forum is available only when the entire case and all parties can come within the jurisdiction of that forum." But Dole Food does not hold that counterclaims cannot be dismissed independently of the remaining causes of action. And several district courts have dismissed counterclaims based on forum non conveniens without dismissing the underlying claims. See, e.g., ISTIL Group, Inc. v. Masood, 2004 WL 948376, *6 (D. Or. 2004); Trujillo v. Banco Central Del Ecuador, 35 F. Supp. 2d 908 (S.D. Fla. 1998). The issue of DEI's claims against MPS is not dispositive of DEI's. The issue, however, is relevant when balancing the private and public interest factors discussed below.

A.  Adequate Alternative Forum

Ordinarily, an alternative forum exists when defendants are amenable to service of process in the foreign forum; a foreign forum is adequate when it provides the plaintiff with a sufficient remedy for its wrong. Dole Food, 303 F.3d at 1118; see also Lockman Foundation v. Evangelical Alliance Mission, 930 F.2d 764, 767 (9th Cir. 1991) (noting that only in "rare circumstances," when the remedy provided by the alternative forum is so clearly inadequate "that it is no remedy at all," is the foreign forum not adequate).

DEI contends that Taiwan is an adequate alternative forum.

4

MPS does not argue otherwise. The Court finds that Taiwan is an adequate alternative forum.

### B. Private and Public Interest Factors

Given the existence of an adequate alternative forum, the Court must next consider the balance of private and public interests to determine whether to dismiss on grounds of <u>forum non conveniens</u>. <u>Lockman Foundation</u>, 930 F.2d at 769. DEI contends that the private and public interest factors weigh strongly in favor of dismissal. MPS disagrees, arguing that the private and public interest factors weigh in favor of the case remaining in the Northern District of California.

#### 1. Private interest factors

Private interest factors include "the relative ease of access to sources of proof, the availability of compulsory process for unwilling witnesses, the comparative cost of obtaining willing witnesses, the possibility of a view of any affected premises, the ability to enforce any judgment eventually obtained, and 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" <u>Ravelo Monegro</u>, 211 F.3d at 512 (citing <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508 (1947)).

DEI notes that the breach of contract and disclosure of MPS' trade secrets allegedly occurred in Taiwan. Most of the witnesses reside in Taiwan, and, according to DEI, most of the documents and physical evidence concerning MPS' claims are located in Taiwan. Therefore, it contends that the private interest factors weigh strongly in favor of dismissal.

MPS does not dispute that most of the witnesses and evidence

5

are located in Taiwan.  Rather, it contends that dividing the parties' claims among multiple venues would only add to the expense of this litigation and to the inconvenience of the witnesses.  It notes that many of the witnesses who would testify concerning DEI's indemnity and warranty claims also have knowledge relevant to MPS' counterclaims; thus, if DEI's motion was granted, these witnesses would be subject to multiple court proceedings held in Oakland, California and Taiwan.  MPS further notes that the cases DEI cites in its moving papers involve motions to dismiss filed by defendants who were sued by foreign plaintiffs in Texas, whereas MPS, based in California, is not a foreign counter-plaintiff.  It also notes that none of those cases involve a situation like this one: where DEI seeks to require MPS to file its counterclaims against DEI in a foreign jurisdiction, while allowing DEI to continue pursuing its claims in this Court, located where MPS has its principal place of business.

Obviously, it will be a burden for DEI, a Taiwanese corporation with seemingly no connection to California, to defend itself against MPS' counterclaims in Northern California.  See Benq America Corp. v. Forward Electronics Co., 2005 WL 3445629, *8 (N.D. Cal. 2005) ("A foreign defendant with no connections with California and no offices or agents in the United States would be burdened by having to produce witnesses and evidence for litigation in California.").  But, as noted above, dismissal on forum non conveniens grounds should be granted when there is a heavy burden to DEI and where MPS "is unable to offer any specific reasons of convenience supporting [its] choice."  Piper Aircraft, 454 U.S. at

6

1  249.  Here, MPS offers specific reasons concerning why retaining
2  its counterclaims against DEI in this district makes trial of the
3  case convenient.  Thus, the Court finds that the private interest
4  factors weigh only slightly in favor of dismissal on the grounds of
5  forum non conveniens.

      2. Public interest factors

7  Public interest factors include court congestion, the
8  unfairness of burdening citizens in an unrelated forum with jury
9  duty, the interest in having localized controversies decided at
10 home, the interest in trying the case in a forum familiar with the
11 applicable law, and the interest in avoiding unnecessary conflicts
12 of laws, or applying foreign law.  Ravelo Monegro, 211 F.3d at 512
13 (citing Gulf Oil, 330 U.S. at 508-09).

14 DEI argues that even if the private interest factors do not
15 strongly weigh in favor of dismissal, consideration of the public
16 interest factors requires dismissal of MPS counterclaims against
17 it.  Its argument, however, is unpersuasive.  As MPS notes, the
18 counterclaim at issue is brought by a company based in this
19 district.  Citizens in this district thus will not be burdened with
20 having to serve on a jury in a case in which this district has no
21 interest.  Furthermore, "California has a manifest interest in
22 providing a local forum for its residents to redress injuries
23 inflicted by out-of-state defendants."  Integral Development Corp.
24 v. Weissenbach, 99 Cal. App. 4th 576, 591-92 (2002).  MPS resides
25 in California; this State's interest does not lessen, as DEI
26 suggests, merely because MPS is a Delaware corporation.  In
27 addition, as noted above, some of the same evidence will be

7

presented in MPS' claim against DEI and in DEI's claim against MPS. Requiring two different courts to hear the same evidence would do nothing to relieve this Court or potential jurors in this district of the burden of adjudicating the parties' dispute, nor would it be in the interest of efficiency.

In sum, this is not a situation where the forum chosen by MPS "is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else." <u>Norwood v. Kirkpatrick</u>, 349 U.S. 29, 31 (1955). DEI fails to show that the private and public interest factors weigh strongly in favor of dismissal or that MPS should not be allowed to bring its counterclaims against DEI in the district where MPS has its principal place of business. The Court will not dismiss MPS' counterclaims on the grounds of <u>forum non conveniens</u>.

II.  Severance

In the alternative, DEI moves, pursuant to Federal Rule of Civil Procedure 21, to sever MPS' counterclaims against it. Rule 21 provides that a claim may be severed and proceeded with separately. The Ninth Circuit instructs that severance of a claim may be ordered to prevent delay or prejudice. <u>Coleman v. Quaker Oats, Co.</u>, 232 F.3d 1271, 1296 (9th Cir. 2000). DEI presents no evidence, however, of how it will be prejudiced, or the case delayed, if MPS' counterclaims against it are not severed from the other claims in this action. As another court in this district noted, "logic dictates that holding two trials, as opposed to one, will inevitably cause delay in resolution" of the parties'

8

disputes.  Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992).

The Court explained in its August 9, 2006 order granting the motion to consolidate, that it may bifurcate the trial in this action should it appear after discovery and motion practice that a single trial of all of the issues in this action will be overly complex.  But, because DEI does not provide the Court with sufficient cause, it will not sever MPS' counterclaims from the other claims in this action.

## CONCLUSION

For the foregoing reasons, the Court DENIES DEI'S MOTION TO DISMISS MPS' COUNTERCLAIMS OR, ALTERNATIVELY, TO SEVER.

IT IS SO ORDERED.

Dated:  10/3/06

CLAUDIA WILKEN
United States District Judge