United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Island corporation,<br><br>          Defendant.<br>_____/<br>AND RELATED COUNTERCLAIMS.<br>_____/<br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>MONOLITHIC POWER SYSTEMS, INC., a California corporation, <u>et al.</u>,<br><br>          Defendants.<br>_____/<br>AND RELATED CROSS-CLAIMS AND COUNTERCLAIMS.<br>_____/ | No. C 04-2000 CW<br><br>(consolidated with No. C 06-2929 CW)<br><br><br><br><br><br>ORDER DENYING MPS & HSING'S MOTION TO DISMISS FOURTH COUNT OF O2 MICRO'S THIRD AMENDED COMPLAINT FOR LACK OF JURISDICTION |

Monolithic Power Systems, Inc. (MPS) and Michael Hsing move, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the fourth count in O2 Micro International Limited's third amended complaint for patent infringement and unfair competition. O2 Micro opposes the motion. The matter was submitted on the papers. Having considered all the papers submitted by the parties, the Court denies the motion.

BACKGROUND

O2 Micro filed this suit in the Eastern District of Texas, accusing MPS of infringing O2 Micro's U.S. Patent No. 6,804,129 (the '129 patent). O2 Micro amended its complaint, asserting that other corporate entities, in addition to MPS, infringed the '129 patent and that some of those corporate entities also infringed O2 Micro's U.S. Patent No. 6,396,722 (the '722 patent) and its U.S. Patent No. 6,259,614 (the '615 patent). These other corporate entities include the manufacturer of MPS' alleged infringing inverter controllers and MPS' customers.

O2 Micro then amended its complaint a second time. It added Defendant Hsing as an individual Defendant and alleged that he infringed the '129 patent. In addition, the second amended complaint includes a fourth cause of action for unfair competition by Defendant Hsing and MPS.

Before this suit was transferred to this Court, MPS and Defendant Hsing moved to dismiss the fourth count of the second amended complaint for lack of subject matter jurisdiction. As of the date of the transfer, the motion was still pending.

2

On July 26, 2006, after the case was transferred, O2 Micro filed its third amended complaint. The first count against all Defendants, including MPS and Defendant Hsing, is for infringement of the '129 patent. It accuses Defendants of direct infringement, inducement and contributory infringement. The second and third counts, for infringement of the '722 and '615 patents, are not directed at MPS or Defendant Hsing. The fourth count against MPS and Defendant Hsing is for unfair competition. It includes the following allegations:

> 27. Upon information and belief, in addition to and in furtherance of their acts of patent infringement, MPS and Hsing unfairly compete against O2 Micro by engaging in unlawful, unfair, and fraudulent practices in soliciting and maintaining customers for electronics devices and computer hardware, including integrated circuits that convert DC voltage to AC voltage used in products such as flat panel displays and notebook computers.
>
> 28. Upon information and belief, in addition to and in furtherance of their acts of patent infringement, MPS and Hsing have made agreements with certain employees of MPS's customers to grant MPS stock options to those individuals, so as to entice them to enter into and/or maintain a customer relationship with MPS.
>
> 29. Upon information and belief, in addition to and in furtherance of their acts of patent infringement, MPS and Hsing have sold or caused to be sold MP1011A and MP1015 products in Taiwan in violation of court injunctions in Taiwan, knowing that said products would be used in electronic devices and computer hardware made, used, offered for sale or sold in the United States.
>
> 30. Upon information and belief, in addition to and in furtherance of their acts of patent infringement, MPS and Hsing have solicited, and conspired and colluded with, one or more companies to serve as second source suppliers of MPS integrated circuits for converting DC voltage to AC voltage, knowing and intending that said products would be used in electronic devices and computer hardware made, used, offered for sale or sold in the United States.
>
> 31. Upon information and belief, MPS and Hsing's wrongful conduct has cause O2 Micro injury by competition and

3

restraining trade in the manufacture and sale of integrated circuits for efficiently converting DC voltage to AC voltage, diverting business from O2 Micro through the marketing, distribution and sale of infringing products, and interfering with O2 Micro's prospective business relationships.

32.  MPS and Hsing's actions constitute unlawful unfair and fraudulent practices in violation of the Cal. Bus. & Prof. Code § 17200, et seq.  Such unlawful practices offend the policy and spirit of antitrust and unfair competition laws.

MPS and Defendant Hsing contend that the above allegations provide no common factual nexus between O2 Micro's patent infringement claim and its unfair competition claim.  They request that the Court dismiss O2 Micro's unfair competition claim based on lack of jurisdiction.

## LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim.  Fed. R. Civ. P. 12(b)(1).  Federal subject matter jurisdiction must exist at the time the action is commenced.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).  In deciding a Rule 12(b)(1) motion, the court assumes the truth of the

4

allegations in the complaint, unless controverted by undisputed facts in the record. Roberts, 812 F.2d at 1177. An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend unless it is clear that the jurisdictional deficiency cannot be cured by amendment. May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980).

## DISCUSSION

O2 Micro's third amended complaint states that this Court has original and supplemental jurisdiction over O2 Micro's unfair competition claim pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b).

Under section 1367(a), a federal court has the power to hear pendent State law claims where the federal and State claims are so related as to form part of the same controversy under Article III. 28 U.S.C. § 1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). Under both Ninth Circuit and Federal Circuit law, the relatedness requirement of § 1367(a) is met if the claims derive from a common nucleus of operative fact and, as such, would ordinarily be expected to be tried in the same proceeding. See Mars Inc. v. Kabushiki-Kaisha Nippon Conlux, 24 F.3d 1368, 1374 (Fed. Cir. 1994); Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995).

Section 1338(b) provides that "district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark

5

laws." Courts have defined "related" to require that "at least part of the proof in support of the pendent claim be common to the federal claims." <u>Mattel, Inc. v. Hyatt</u>, 664 F.2d 757, 761 (9th Cir. 1981); <u>see also</u> <u>Verdegaal Bros., Inc. v. Union Oil Co. of Cal.</u>, 750 F.2d 947 (Fed. Cir. 1984). Nonetheless, for a federal court to exercise pendent jurisdiction under section 1338(b), there must be "considerable overlap" between the factual bases underlying the federal and State claims; indeed, such overlap must be "apparent." <u>Mattel</u>, 664 F.2d at 760-61. In <u>Mars</u>, the Federal Circuit explained that section 1338(b) permits joinder of a State unfair competition claim with a federal patent infringement claim to avoid "piecemeal litigation." 24 F.3d at 1372.

Although the wording of these two sections differs, the parties agree that to demonstrate that jurisdiction is proper under either section 1367(a) or section 1338(b), O2 Micro must establish that its unfair competition claim shares a "common nucleus of operative fact" with its patent infringement claim. <u>See, e.g.</u>, <u>Waterloov Gutter Protection Sys. Co. v. Absolute Gutter Protection</u>, 64 F. Supp. 2d 398, 404 (D. N.J. 1999) ("A patent claim is 'related' if it is derived from a common nucleus of operative fact."). The parties dispute whether such a common nucleus of operative fact exists.

O2 Micro's unfair competition claim against MPS and Defendant Hsing overlaps with its patent infringement claim. The third amended complaint states that MPS and Defendant Hsing committed the alleged acts of unfair competition "in furtherance of their acts of patent infringement." O2 Micro points out that its patent

6

infringement claim against MPS and Defendant Hsing is not just for direct infringement; it also accuses them of inducement and contributory infringement.  O2 Micro explains that the basis of its unfair competition claim is that Defendants MPS and Hsing engaged in unlawful, unfair and fraudulent conduct as part of their ongoing efforts to induce and contribute to infringement of O2 Micro's patents by other companies and to ensure a continued presence in the marketplace of their alleged infringing inverter controllers. Furthermore, it notes that "at least part" of the proof in support of its unfair competition claim is common to its patent claim and highlights its theory that MPS gave its customers' employees stock option to persuade them to purchase MPS products known to infringe O2 Micro's patents-in-suit.  Mattel, 664 F.2d at 761.

    MPS and Defendant Hsing do not deny that the claims overlap, but they argue that the overlap between O2 Micro's patent claim and its State law claim is not substantial and therefore there is not a common nucleus of operative facts.  Their argument would be persuasive if O2 Micro accused them only of direct infringement. As noted above, however, they are also accused of inducing and contributing to the infringement of the '129 patent.  MPS and Defendant Hsing argue that MPS' stock options do not substantially overlap with O2 Micro's inducement claim because the stock options were granted primarily in the 2000-2002 time period and the '129 patent was issued at least two years after those grants.  They quote Verdegaal Brothers: "The court has difficulty in seeing an overlap between the patent infringement claim and the misappropriation of trade secrets claim since plaintiff alleges

7

that the acts that constituted misappropriation of trade secrets took place during the two years prior to plaintiff acquiring a patent." 750 F.2d at 949. Here, however, O2 Micro does not allege that all the stock option grants occurred before the '129 patent issued, nor do MPS and Defendant Hsing assert that no stock options were offered or granted after the '129 patent issued. MPS and Defendant Hsing's argument that there is no substantial overlap fails.

MPS and Defendant Hsing's argument that the case law O2 Micro cites does not support a finding of jurisdiction is stronger, but it also fails. The cases O2 Micro cites involve fact patterns different from those in this case and are distinguishable. The cases MPS and Defendant Hsing cite, however, also involve different facts and are easily distinguishable. Unlike in Verdegaal Brothers, the overlap between the factual bases of the federal and State claims is not minimal. Considering the case law as a whole, the Court finds that O2 Micro establishes that its unfair competition claim shares a "common nucleus of operative fact" with its claim of inducement and contributory infringement, and, as such, would be expected to be tried in the same proceeding.

Before the Court concludes that the unfair competition claim should proceed in the same action as the patent claims, however, it considers the Supreme Court's caution in Gibbs. See Verdegaal Bros., 750 F.2d at 951 (noting that, in Gibbs, the Supreme Court "sets forth a cautious approach to the exercise of pendent jurisdiction"). The Supreme Court instructs that courts need not exercise their power to hear a cause of action in which

8

jurisdiction is found to exist: "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims." <u>Gibbs</u>, 383 U.S. at 726; <u>see also</u> <u>Verdegaal Bros.</u>, 750 F.2d at 951. The Court finds that these are present and that it has jurisdiction over the State law claim. The unfair competition claim will not be dismissed.

## CONCLUSION

For the foregoing reasons, the Court DENIES MPS and Hsing's Motion to Dismiss the Fourth Count of O2 Micro's Third Amended Complaint.

IT IS SO ORDERED.

Dated: 10/3/06

CLAUDIA WILKEN
United States District Judge