IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Island corporation,<br><br>       Defendant.<br>_____/<br>AND RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY CLAIMS.<br>_____/ | No. C 04-2000 CW<br><br>(consolidated with No. C 06-2929 CW)<br><br>ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |

   Defendants Monolithic Power Systems, Inc. (MPS) and Michael Hsing request leave to file a motion for reconsideration of the Court's October 3, 2006 Order Denying MPS and Hsing's Motion to Dismiss Fourth Count of O2 Micro's Third Amended Complaint for Lack of Jurisdiction.

   Civil Local Rule 7-9(a) states as follows: "No party may notice a motion for reconsideration without first obtaining leave

of Court to file the motion." A request for leave to file a motion for reconsideration may only be granted if the moving party shows:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

MPS and Hsing argue that reconsideration is proper under Civil Local Rule 7-9(b)(2). They contend that, since the Court's order, a new material fact has emerged: pursuant to the parties' stipulation, the Court dismissed with prejudice Plaintiff O2 Micro International Limited's allegations that MPS and Hsing infringed O2 Micro's U.S. Patent No. 6,804,129 (the '129 patent). The parties' stipulation did not address whether the dismissal would have any effect on jurisdiction or on the Court's October 3, 2006 order.

In its order, the Court determined it had jurisdiction over O2 Micro's State law claim against MPS and Hsing based on O2 Micro's patent claim against them. The Court's finding of jurisdiction, however, was also based on considerations of judicial economy, convenience and fairness to litigants. Those considerations remain present.

Dismissal of supplemental State law claims is not automatically required on dismissal of all federal claims. 28 U.S.C. § 1367(c)(3). The district court retains power to hear a supplemental State law claim after dismissal of all federal claims,

2

1  as long as the federal claims were not dismissed for lack of
2  subject matter jurisdiction.  <u>Herman Family Revocable Trust v.</u>
3  <u>Teddy Bear</u>, 254 F.3d 802, 806 (9th Cir. 2001).  Here, O2 Micro's
4  claim that MPS and Hsing infringed the '129 patent was not
5  dismissed for lack of subject matter and its dismissal, pursuant to
6  the parties' stipulation, is not a new material fact.
7       Therefore, MPS and Hsing's request for leave to file a motion
8  for reconsideration (Docket No. 627) is DENIED.
9       IT IS SO ORDERED.

11 Dated: 12/20/06

                                        CLAUDIA WILKEN
                                        United States District Judge