IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>02 MICRO INTERNATIONAL LTD., et al.,<br><br>　　　　Defendants.<br>_____/ | No. C-04-02000 CW (EDL)<br>CONSOLIDATED WITH<br>No. C-06-2929 CW (EDL)<br><br>**ORDER RE O2 MICRO'S MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY AND RELATED DOCUMENTS FROM DEFENDANTS MONOLITHIC POWER SYSTEMS, INC. AND MICHAEL HSING** |

　　　　O2 Micro International, Ltd. filed a motion to compel Monolithic Power Systems, Inc. and Michael Hsing to produce documents and testify in deposition about certain grants of stock options. O2 Micro contends that the discovery is related to an unfair competition claim O2 Micro brought in Case No. C06-2929 CW (EDL), which was consolidated in August 2006 with Case No. 04-2000. MPS and Michael Hsing object to "stock option" discovery on the grounds that both actions are bound by the Court's prior order in June 2006 holding that such discovery was outside the scope of relevance, and also that discovery should not be had because the unfair competition claim was meritless. MPS and Michael Hsing have refused to produce documents or testify on the subject.

　　　　The motion to compel was originally noticed for hearing on February 27, 2007. However, following MPS's request for a continuance and with the parties' consent, the Court addressed the merits of the motion during a telephonic hearing on February 22, 2007. Present at the telephonic hearing were Matthew Brigham for MPS and Henry Su for O2 Micro. Upon full consideration of the papers and the parties' arguments at the telephonic hearing, and for the reasons stated by the Court at the telephonic hearing, the Court hereby vacates the February 27, 2007 hearing on this motion and GRANTS O2 Micro's motion as follows:

The two consolidated cases involve related but not identical claims. The second case for the first time includes an unfair competition claim which expressly alleged that stock options were used to induce infringement. See Third Amended Complaint, ¶ 28 (alleging that MPS and Hsing made agreements with certain employees of MPS's customers to grant MPS stock options to those individuals, so as to entice them to enter into and/or maintain a customer relationship with MPS). This unfair competition claim survived a motion for summary judgment and will proceed to trial. See February 16, 2007 Minute Order (Doc. No. 759). Therefore, the claim is active and discovery on the issue is within the permissible scope of discovery under Rule 26(b)(1). See Fed. R. Civ. P. 26(b)(1) (a party may seek discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party). The Court's June 12, 2006 order limiting stock option discovery was entered prior to consolidation in the context of only the C04-2000 matter, which contains no unfair competition claim. Accordingly, MPS and Michael Hsing's objections to discovery are overruled.

The Court hereby overrules MPS's and Michael Hsing's objections and orders them to produce responsive documents. In addition, if necessary to obtain testimony that was refused during deposition, O2 Micro may reopen the depositions of MPS and Michael Hsing, not to exceed two additional hours, for that limited purpose.

**IT IS SO ORDERED.**

Dated: February _26____, 2007

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge