IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>02 MICRO INTERNATIONAL LTD., et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C-04-02000 CW (EDL)<br>CONSOLIDATED WITH<br>No. C-06-2929 CW (EDL)<br><br>**ORDER RE O2 MICRO INTERNATIONAL'S MOTION TO ENFORCE AND COMPEL MONOLITHIC POWER SYSTEMS, INC. TO PRODUCE "CONTROL DOCUMENTS"** |

　　　Before the Court is O2 Micro's Motion to Enforce and Compel Monolithic Power Systems, Inc. to Produce "Control Documents." The motion turns on whether the documents that MPS withheld on the basis of privilege were eligible for protection under the common interest privilege and, if so, whether they were sufficiently identified on MPS's privilege log. The motion was originally noticed for hearing on February 27, 2007. However, following MPS's request for a continuance and with the parties' consent, the Court held a telephonic hearing on February 22, 2007. Present at the telephonic hearing were Matthew Brigham for MPS and Henry Su for O2 Micro.

　　　On February 21, 2007, the day before the telephonic hearing, MPS filed a supplemental brief to bring to the Court's attention Judge Wilken's February 8, 2007 ruling on the parties' cross-motions for summary judgment. In its supplemental brief, MPS argued that O2 Micro's motion to compel, and any discovery relating to the issue of "control," was now moot in light of the Court's holding that MPS was not collaterally estopped from litigating its validity and infringement claims. Because this issue had not been briefed in connection with the discovery motion, the Court allowed O2 Micro to filed a responsive pleading to address the mootness question. On February 23, 2007, O2 Micro filed a responsive brief, arguing that the issue is not moot because collateral estoppel

remains an issue for trial.  The matter is now fully briefed and is ripe for determination without a hearing.  See Civil L.R. 7-6.  Upon full consideration of the papers, including the supplemental briefing, and the parties' arguments at the telephonic hearing, the Court hereby vacates the February 27, 2007 hearing on this motion and DENIES O2 Micro's motion.

In order to establish collateral estoppel, O2 Micro repeatedly sought discovery of documents and testimony concerning MPS's control over prior litigation in the Eastern District of Texas, in which Sumida, a customer and one-time indemnitee of MPS, was found to have willfully infringed Defendant's '722 Patent.  Specifically, O2 Micro sought documents referring or relating to the "degree of control, participation, assistance and/or involvement by MPS in the Sumida Action, including but not limited to payments and communications made by MPS or Sumida subsequent to MPS's termination of the indemnification agreement on August 30, 2005."  Motion at 5 (citing O2 Micro's Fourth Set of RFPs, Nos. 77-85).  Following a motion to compel, MPS produced some responsive documents.  MPS also asserted privilege, including the common interest privilege, over others.  O2 Micro then challenged MPS's assertion of privilege with respect to documents shared with Sumida, arguing that MPS had no common interest with Sumida after the time when MPS terminated its indemnification agreement with Sumida, and that MPS's assertion of privilege based on common interest was inconsistent with its assertion of lack of control in the prior litigation.  Moreover, O2 Micro maintained that MPS's privilege log was inadequate to identify the basis for privilege for documents MPS withheld.  On January 19, 2007, O2 Micro filed this motion to compel MPS to produce the Control Documents listed on MPS's privilege log.

Meanwhile, O2 Micro's motion for summary judgment on the basis of collateral estoppel had been pending throughout much of the parties' disputes over discovery of Control Documents. See Motion for Summary Judgement Based on Collateral Estoppel (Doc. No. 316) (August 20, 2006). On February 8, 2007, Judge Wilken denied on the motion, holding that O2 Micro could not establish collateral estoppel on two independent grounds: first, Sumida did not adequately represent MPS's interests in the Texas litigation, and second, O2 Micro could easily have joined Sumida in the Texas litigation but chose not to do so.  See February 8, 2007 Order on Claim Construction and Cross-Motions for Summary Judgment (Doc. No. 741).  Judge Wilken held that MPS was not

collaterally estopped from litigating the validity of claims 1, 2, 9, 12 and 18 and the infringement of claims 1, 2, 9 and 18 of the '722 patent, and that the decision in the Sumida litigation had no preclusive effect.  Id.

In its supplemental brief, O2 Micro argues that although Judge Wilken denied its motion for summary judgment on the issue of collateral estoppel, the issue is a disputed question of fact, and her ruling is at most interlocutory in nature.  O2 Micro's summary judgment motion was filed while discovery was still ongoing.  O2 Micro argues that the possibility exists that, if discovery is allowed to proceed, it may discover information that would allow it to succeed on the collateral estoppel issue at trial, which it had not discovered before its motion for summary judgment.  Here, Judge Wilken's decision relied on the conclusion that Sumida did not adequately represent MPS's interest in the Sumida litigation because Sumida had certain conflicts of interest with MPS and because O2 Micro could have joined MPS in the Sumida action.  The facts forming the basis for her conclusion were undisputed, and could not be changed by additional discovery.  Accordingly, collateral estoppel is no longer at issue in this litigation.  O2 Micro does not argue that the "control" discovery is relevant to any other claim or defense, so there is no basis for granting the motion.

The Court also notes that, even if the documents that O2 Micro seeks to compel were relevant, they remain protected by the common interest privilege.  Contrary to O2 Micro's arguments, the common interest privilege is not coextensive with the issue of adequate representation, and the common interest shared by MPS and Sumida in establishing invalidity and noninfringement persisted after the termination of the indemnification agreement.  Furthermore, the privilege log, as now revised, is generally adequate.  Accordingly, the motion to compel production of these documents is DENIED.

**IT IS SO ORDERED.**

Dated: February 26, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge

3