United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Island corporation,<br><br>    Defendant.<br>_____/<br>AND RELATED COUNTERCLAIMS.<br>_____/<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>MONOLITHIC POWER SYSTEMS, INC., a California corporation, <u>et al.</u>,<br><br>    Defendants.<br>_____/<br>AND RELATED CROSS-CLAIMS AND COUNTERCLAIMS.<br>_____/ | No. C 04-2000 CW<br><br>(consolidated with No. C 06-2929 CW)<br><br>ORDER GRANTING IN PART O2 MICRO'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |

O2 Micro International Limited requests leave to file a motion for reconsideration of the Court's February 8, 2007 order denying its motion for summary judgment on the issue of offensive collateral estoppel and granting summary judgment in favor of Defendants that O2 Micro had presented no evidence of damages.

Civil Local Rule 7-9(a) states as follows: "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." A request for leave to file a motion for reconsideration may only be granted if the moving party shows:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

O2 Micro contends that reconsideration is proper. It requests that, at a minimum, the Court issue a new order denying its motion for summary judgment based on collateral estoppel, but clarifying that the issue is reserved for trial. O2 Micro argues that there is a genuine issue of material fact as to whether Sumida adequately represented MPS' interests in the Texas law suit and, therefore, it should be allowed to complete its discovery on that issue and to put on its evidence at trial. The Court's order could be read, not merely to deny O2 Micro's motion for summary judgment based on collateral estoppel, but also to find that MPS is not collaterally

2

estopped from litigating the validity of the asserted claims and infringement of those claims.  In its opposition, MPS stated that the Court should find that collateral estoppel regarding the '722 patent is inappropriate, but it did not move for summary judgment of no collateral estoppel.  The Court grants O2 Micro leave to file its motion for reconsideration of the Court's finding that MPS is not collaterally estopped.

O2 Micro further requests that the Court deny Defendants' motion for summary judgment and reinstate the Bratic report, grant it leave to serve a modified Bratic report, grant it leave to reinstate the Dragun expert report that it previously withdrew or allow it to prove its damages at trial without an expert witness. Defendants moved for summary judgment that O2 Micro had no evidence of damages, arguing that Mr. Bratic's report could not support a damages claim.  In response, O2 Micro did not point to the withdrawn Dragun expert or to any modifications that could be made to the Bratic report, nor did it point to any other evidence of damages in the record.  Rather, it defended the Bratic report. Because that report was unreliable and inadmissible, O2 Micro did not meet its burden to produce specific evidence showing that a dispute exists.  And O2 Micro points to no material facts or dispositive legal arguments concerning its evidence of damages which were presented to the Court and not considered.  The Court denies its motion for leave to file a motion for reconsideration concerning damages.

O2 Micro's Motion for Leave to File a Motion for Reconsideration (Docket No. 766) is GRANTED IN PART and DENIED IN

3

PART.  O2 Micro may file its proposed motion for reconsideration. Defendants are ordered to file their opposition to O2 Micro's motion for reconsideration of the Court's finding that MPS is not collaterally estopped, within two weeks from the date of this order.  O2 Micro may file a reply one week later.  The matter will be decided on the papers.

    IT IS SO ORDERED.

Dated: 3/15/07

                                        CLAUDIA WILKEN
                                        United States District Judge

**United States District Court**
For the Northern District of California

4