IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Island corporation,<br><br>            Defendant.<br>_____/<br>AND RELATED COUNTERCLAIMS.<br>_____/<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>MONOLITHIC POWER SYSTEMS, INC., a California corporation, <u>et al.</u>,<br><br>            Defendants.<br>_____/<br>AND RELATED CROSS-CLAIMS AND COUNTERCLAIMS.<br>_____/ | No. C 04-2000 CW<br><br>(consolidated with No. C 06-2929 CW)<br><br>ORDER DENYING O2 MICRO'S MOTION FOR RECONSIDERATION OF ORDER DENYING SUMMARY JUDGMENT ON COLLATERAL ESTOPPEL AND CLARIFYING THAT ORDER |

O2 Micro International Limited requests that the Court reconsider its denial of O2 Micro's motion for summary judgment based on collateral estoppel.  It argues that the Court should grant its motion for summary judgment based on the emergence of new material facts and based on material facts and dispositive legal arguments, previously presented to the Court, which the Court allegedly failed to consider.[1]  It states that, at the very least, the Court should clarify that its denial of O2 Micro's motion was based on the existence of genuine issues of material fact, noting that, unlike other Defendants, Defendant Monolithic Power Systems (MPS) did not cross-move for summary judgment of no collateral estoppel.

MPS opposes the motion.  It notes that district courts "possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence."  Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).  The Court, however, did not sua sponte grant summary judgment in MPS' favor.  Therefore, its order should be interpreted as only denying O2 Micro's motion for summary judgment, and not as also finding that MPS is not collaterally estopped from litigating the validity of the asserted claims and infringement of those claims.  See Glaros v. H.H. Robertson Co., 797 F.2d 1564, 1573 (Fed. Cir. 1986) ("Denial of summary judgment 'is strictly a

---

[1] O2 Micro further contends that the Court should allow it further discovery on whether Taiwan Sumida Electronics adequately represented MPS' interests in the Texas litigation and whether MPS controlled Taiwan Sumida's defense in that litigation.  Its objection to Judge Laporte's order regarding its motion to enforce and to compel MPS to produce these documents, however, was denied. See Docket No. 839.

2

1  pretrial order that decides only one thing -- that the case should
2  go to trial.'") (quoting Switzerland Cheese Assoc., Inc. v. E.
3  Horne's Market, Inc., 385 U.S. 23, 25 (1966)).

4      O2 Micro's arguments that the Court should grant its motion
5  for summary judgment of collateral estoppel are unpersuasive.  The
6  new facts that O2 Micro points to do not establish that there is no
7  dispute of fact concerning whether collateral estoppel is
8  appropriate.  Nor did the Court manifestly fail to consider any
9  facts that O2 Micro presented in its papers for summary judgment.
10 The Court considered, and rejected, O2 Micro's argument that an
11 indemnitor-indemnitee relationship is sufficient to establish
12 privity and thus the Court need not consider the adequacy of
13 representation.  See, e.g., Kourtis v. Cameron, 419 F.3d 989, 996
14 (9th Cir. 2005) ("due process considerations make adequacy of
15 representation a prerequisite to privity").

16     Therefore, having considered the parties' papers, the Court
17 DENIES O2 Micro's motion for reconsideration (Docket No. 809), and,
18 as discussed above, clarifies that its order did not rule that MPS
19 is not collaterally estopped from litigating the validity of the
20 asserted claims and infringement of those claims.

21     IT IS SO ORDERED.

23 Dated: 4/11/07

                                              CLAUDIA WILKEN
                                              United States District Judge

**United States District Court**
For the Northern District of California