IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>MONOLITHIC POWER SYSTEMS, INC., a California corporation, <u>et al.</u>,<br><br>    Defendants.<br>_____ /<br>AND RELATED CASES, CROSS-CLAIMS AND COUNTERCLAIMS.<br>_____ / | No. C 04-2000 CW<br>No. C 06-2929 CW<br><br><br><br>ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT AND SETTING SCHEDULE ON REMAINING ISSUES |

    Monolithic Power Systems, Inc. (MPS) and ASUSTeK Computer, Inc. move for entry of partial judgment on their claim for declaratory relief that the asserted claims of O2 Micro International Limited's U.S. Patent No. 6,396,722 (the '722 patent) are invalid. O2 Micro opposes the motion. The matter was decided on the papers. Having considered all of the parties' papers, the Court denies the motion for partial judgment.

BACKGROUND

On May 15, 2007, the jury in the above entitled consolidated actions returned a verdict. The jury found that MPS and ASUSTeK infringed claims 12 and 14 of the '722 patent, but it further found those claims and claims 1, 2, 9 and 18 of the '722 patent were invalid for obviousness and under the on-sale bar. Other issues, however, remain that must still be tried to the Court: (1) MPS's and ASUSTeK's affirmative defense of inequitable conduct with respect to the '722 patent; (2) their request for an "exceptional case" determination and attorneys' fees under 35 U.S.C. § 285; (3) MPS's unfair competition claim against O2 Micro for the assertion of U.S. Patent No. 6,259,615 (the '615 patent); and (4) O2 Micro's unfair competition claim against MPS for the granting of stock options to customers.

Currently pending before the Federal Circuit is another case involving the '722 patent and the same claims that are at issue in this case: <u>O2 Micro International Ltd. v. Taiwan Sumida Electronics</u>. The appeal is fully briefed. Following the verdict in this case, Sumida moved to postpone the oral argument scheduled on July 9, 2007 and submission of the appeal in light of the jury's finding of invalidity. The Federal Circuit granted Sumida's request and has deferred oral argument and ordered Sumida to provide a status report every thirty days.

A second case involving the '722 patent is <u>O2 Micro International Ltd. v. Hon Hai Precision Industry Co.</u>, pending in the United States District Court for the Eastern District of Texas. There, O2 Micro accuses MPS's customer Hon Hai of infringing the

same claims that O2 Micro asserted against MPS and ASUSTeK in this case and various claims of two other O2 Micro patents. The trial was scheduled to begin on July 18, 2007; however, the parties have jointly moved to continue the trial until September, 2007.

DISCUSSION

Federal Rule of Civil Procedure 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In <u>Curtiss-Wright Corp. v. General Elec. Co.</u>, 446 U.S. 1 (1980), the Supreme Court articulated a two step test for determining when there is no just reason for delay. First, the court must determine if the judgment is a final judgment. <u>Curtiss-Wright</u>, 446 U.S. at 7. A judgment is not final for Rule 54(b) purposes unless it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." <u>Sears, Roebuck & Co. v. Mackey</u>, 351 U.S. 427, 436 (1956). Second, the court must determine whether there is any just reason for delay. <u>Curtiss-Wright</u>, 446 U.S. at 8.

The Federal Circuit explains that "courts have substantial discretion in determining when there is no just cause for delay in entering judgment under Rule 54(b)." <u>Intergraph Corp. v. Intel Corp.</u>, 253 F.3d 695, 699 (Fed. Cir. 2001) (<u>citing</u> <u>Cold Metal Process Co. v. United Engineering & Foundry Co.</u>, 351 U.S. 445, 452

3

(1956)).[1]  This discretion, however, should be exercised "in the interest of sound judicial administration."  Sears, Roebuck, 351 U.S. at 437.  Thus, in determining whether there is no just cause for delay in judgment, courts "must take into account judicial administrative interests as well as the equities involved."  Curtiss-Wright, 446 U.S. at 9.  Factors courts consider include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  Id. at 8.

The parties do not dispute that there is a final judgment for purposes of Rule 54(b); rather they dispute whether there is just reason for delay.  MPS and ASUSTeK contend that there is not.  They argue that entering partial judgment that the asserted claims of the '722 patent are invalid would greatly reduce the needless expenditure of attorneys' fees and judicial resources in the two related cases involving the '722 patent.  As O2 Micro points out, however, the briefing in the Taiwan Sumida appeal is complete and

---

[1] The parties dispute whether Ninth Circuit law or Federal Circuit law governs.  The Federal Circuit has applied the law of the regional circuit to determine whether a district court's entry was final relative to all pending issues.  See Golan v. Pingel Enterprise, Inc., 310 F.3d 1360, 1366 (Fed. Cir. 2002).  But it has also stated that it applies Federal Circuit law "instead of regional circuit law to issues involving Rule 54(b) certification."  Storage Technology Corp. v. Cisco Systems, Inc., 329 F.3d 823, 830 (Fed. Cir. 2003).  Because the outcome of this case does not depend on whether Ninth Circuit or Federal Circuit law is applied, the Court need not determine which law governs.

4

the Federal Circuit has effectively stayed any further action pending the final outcome of this case; thus, granting a partial judgment of invalidity now as opposed to later will not result in any great savings of resources. The Hon Hai case involves more than just the '722 patent. While granting partial judgment of invalidity now, before that case goes to trial, would result in some saving of judicial resources and attorneys' fees, that amount is not as great as MPS and ASUSTeK contend.

Further, there is overlap between MPS's and ASUSTeK's invalidity and inequitable conduct defenses, a factor which weighs against granting partial judgment. Contrary to MPS's and ASUSTeK's arguments, judicial economy and fundamental fairness do not support immediate entry of a partial final judgment of invalidity. The Court finds that the more efficient course of action is to wait until all issues relating to the '722 patent have been adjudicated before entering final judgment and denies MPS's and ASUSTeK's motion.

## CONCLUSION

For the foregoing reasons, MPS's and ASUSTeK's Motion for Entry of Partial Judgment of Invalidity Under Federal Rule of Civil Procedure 54(b) (Docket No. 1051) is DENIED. Nonetheless, in the interest of expediency and to accommodate the courts which may be waiting for this Court's rulings in this case, the Court shall enter a briefing schedule for the parties' post-judgment papers that will allow the Court to rule on these motions promptly after judgment is entered. MPS's and ASUSTEK's renewed JMOL and new trial motions must be filed by July 27, 2007. O2 Micro's

5

opposition and any cross-motions will be due on August 10, 2007. MPS's and ASUSTEK's reply and opposition will be due on August 17, 2007 and O2 Micro's sur-reply will be due on August 24, 2007. These motions will be decided on the papers, unless the Court sets a hearing. Any post-judgment motions on the remaining bench trial issues shall also be briefed in an expedited fashion.

The Court sets the following schedule on the remaining issues:

The inequitable conduct bench trial will be held on Friday, August 3, 2007 at 9:00 a.m. However, if MPS and ASUSTeK intend to use deposition testimony from Dr. Yung-Lin Lin and Ed Pfleger, and not live testimony, they must inform the Court by July 20, 2007 and the bench trial date will be vacated. If there is no live testimony, their motion for a finding of inequitable conduct must be filed by July 23, 2007. O2 Micro may submit its opposition and cross-motion with respect to MPS's and ASUSTeK's inequitable conduct defense on August 6, 2007. MPS's and ASUSTeK's reply will be due on August 13, 2007 and O2 Micro's sur-reply will be due on August 20, 2007. The matter will be decided on the papers, unless the Court sets it for a hearing. If there is live testimony from Dr. Yung-Lin Lin and Ed Pfleger, MPS's and ASUSTeK's motion for a finding of inequitable conduct must be filed one week after the bench trial. O2 Micro's opposition and cross-motion will be due the following week. MPS's and ASUSTeK's reply will be due the week after and O2 Micro's sur-reply will be due the following week.

MPS's unfair competition claim will be presented on the papers, unless O2 Micro objects to the admissibility of certain patent infringement complaints and patent infringement contentions

6

filed in other cases involving the '615 patent.  If there is no objection or the Court can take judicial notice of these documents, MPS's trial brief will be due on July 23, 2007.  O2 Micro may submit its opposition on August 6, 2007.  MPS's reply will be due on August 13, 2007.  If there is a dispute and MPS must call O2 Micro's counsel to testify concerning the admissibility of the complaints and contentions, O2 Micro's counsel shall testify on Friday, August 3, 2007 at 9:00 a.m. trailing the inequitable conduct trial.  MPS's trial brief must be filed one week after the bench trial.  O2 Micro's opposition will be due the following week and MPS's reply will be due the week after.

    A bench trial on O2 Micro's unfair competition claim shall be held on Friday, August 3, 2007 at 9:00 a.m. trailing the inequitable conduct trial and, if necessary, on Tuesday, August 7, 2007 at 8:30 a.m.

    Motions for the recovery of fees and costs shall be filed ten court days after all JMOL and new trial motions have been decided.

    IT IS SO ORDERED.

Dated:    7/16/07

_____
CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California